449 So.2d 1106 (1984)
Guy L. McFARLAND, Robert B. Lewis, and Robert P. White
v.
TEXHOMA CONTRACTORS, INC.
No. 83-CA-664.
Court of Appeal of Louisiana, Fifth Circuit.
April 9, 1984.
Charles W. Lamar, III, Baton Rouge, for Guy L. McFarland, Robert B. Lewis and *1107 Robert P. White, appellants and cross-appellees.
Jerry J. Blouin, New Orleans, for Texhoma Contractors, Inc., appellee and cross-appellant.
Before CHEHARDY, KLEIBERT and GRISBAUM, JJ.
CHEHARDY, Judge.
Plaintiffs Guy McFarland, Robert Lewis and Robert White instituted this suit against their employer, Texhoma Contractors, Inc., for wages due, and for penalties and attorney's fees under the provisions of LSA-R.S. 23:631 and 23:632.
Following trial on the merits, judgment was rendered in favor of plaintiffs in the sum of $132 each. This was later increased to $312 each by an amended judgment. They were also awarded $1,000 attorney's fees, but other penalties were denied.
Plaintiffs have appealed from both judgments seeking additional awards, and defendant has appealed seeking a reversal of the judgments.
The three plaintiffs were employed as part of a five-man crew to sandblast and paint an oil rig platform pursuant to a painting contract between Texhoma and Texas Eastern Gas Pipeline, Inc., the owner and operator of the rig.
Plaintiffs reported to work on Grand Isle on July 5, 1981. Because of various misfortunes the trip to the rig, which should have taken only 18 hours, actually took 3 days.
Misfortunes continued on the job when a piece of equipment fell overboard and it was necessary to return to shore for a replacement. The replacement turned out to be the wrong size.
In addition to these problems there was constant bickering between plaintiffs and Kenny Johnson, the Texhoma rig foreman, about wages. Apparently very little work was performed. As a result Texas Eastern cancelled the contract and Texhoma terminated the plaintiffs' employment on July 15, 1981.
Upon their return to Grand Isle, plaintiffs were paid wages based upon time sheets kept by Johnson and the payroll journal of defendant's bookkeeper, based upon a guaranteed 8-hour day, with time and a half for overtime.
Plaintiffs complained they should have been paid on the basis of a guaranteed 14-hour day and that they were entitled to be paid an additional 2 hours for unloading the boat on July 15.
It is stipulated that defendant paid plaintiffs $708 for services from July 5 to July 15.
From reference to the testimony, the daily time tickets and the payroll journal, we conclude the wages were computed as follows:

 PAY PERIOD, JULY 5 TO JULY 8
July 5, 6, 7 Travel time - 8 hours per day. 24 hours
July 8 Travel time - 12 hours. 12 hours
 Total hours 36 hours
 36 hours at $6.00 - $216
 PAY PERIOD, JULY 9 TO JULY 15
July 9 - Unloading equipment, rigging the blasting
 hoses and preparing the bottom side
 of the heliport for blasting. 14 hours
July 10 - Standby for rain until 10:45
 sandblasting one-half of heliport. 12 hours
July 11 - Two hours working on the rigging
 8 hours standby. 10 hours
July 12 - Standby. 8 hours
July 13 - Sandblasting and zinc to remaining top of
 heliport and preparing underside of heliport. 14 hours
July 14 - Texas Eastern terminated the contract.
 Defendant's crew took down the rigging
 and moved out. 8 hours
 Total hours 66 hours
 40 hours at $6.00 $240
 26 hours at $9.00 234
 ____
 $474

Plaintiffs complained because they received no pay for the 2 hours they worked unloading the boat on July 15 after their return from the rig, and defendant subsequently paid them an additional $18 for this work (2 hours at the overtime rate).
Thus we arrive at total wages paid in the sum of $708. (First pay period $216, second *1108 pay period $474, 2 hours additional pay of $18 = $708.)
It is plaintiffs' position that their agreement with Texhoma called for a guaranteed 14 hours per day. All of them testified to that effect.
Nick Stewart, a Texhoma foreman who hired plaintiffs, agreed he told them they could work 14 hours or more. He was anxious to complete the work quickly so as to secure more work from Texas Eastern. However, Stewart claims he guaranteed only 8 hours per day and additional time would depend on the weather.
In its reasons for judgment the trial court indicated it was convinced from the testimony of witnesses that plaintiffs were guaranteed 14 hours per day by Stewart, but that the bookkeeper and the vice president were not so informed.
As stated in the landmark case of Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), and the long line of cases following thereafter:
"Where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. * * *"
We find no error here.
We are unable to determine from the record exactly how the trial court arrived at its award of either $132 in the original judgment, or $312 in the amended judgment. Nor are we aided in this determination by plaintiffs-appellants.
In their original petition they prayed for total wages of $1,105.50, with a balance due of $397.50. In their motion to amend the judgment they claimed wages of $1,096.50 with $388.50 still outstanding, and in their brief before this court they now claim they are entitled to total wages of $1,114.50 with a balance due of $406.50.
Under these confusing circumstances we have reviewed the record, keeping in mind the trial court's finding that plaintiffs were guaranteed a 14-hour minimum day.
We also have taken note of the fact that plaintiff White contacted Mr. Stewart on July 13 to complain about the progress of the work. Stewart confirms he asked White to take over as foreman on the rig at that time, but told him he could only guarantee 12 hours.
According to plaintiffs' testimony they discussed this with each other and agreed to accept the 12-hour day, provided they were to be paid for 14 hours until that time (July 5 to July 13), and so informed Stewart.
We also note that in all of their itemized claims they ask only for the time actually worked on the final day, July 15. The record establishes it took 2 hours to unload the boat.
We conclude plaintiffs were entitled to be paid for 14 hours work per day from July 5 to July 13 inclusive, 12 hours per day for July 14, and 2 hours for July 15.
We calculate the wages as follows:

July 5-13 9 days, 14 hours 126 hours
July 14 12 hours 12 hours
July 15 1 day, 2 hours 2 hours
 Total 140 hours

Over the two pay periods there would be 80 hours at the regular rate of $6 per hour and 60 hours at the overtime rate of $9 per hour. The basic wages thus amount to $480, and overtime wages amount to $540, for total wages of $1,020. Since plaintiffs were paid $708, we conclude they are entitled to additional wages of $314 each.
Although plaintiffs were awarded additional wages the trial court denied their request for penalties upon a finding that defendant had not acted arbitrarily in failing to pay because there was a bona fide dispute as to wages allegedly due.
We agree with that conclusion. The constant disputes with the rig foreman over the hours credited, and conversations with Stewart about whether travel pay was included in the hourly expectations of plaintiffs, clearly indicate that there was a bona fide wage dispute between the parties, and *1109 that defendant corporation did not act arbitrarily in the matter.
LSA-R.S. 23:631 and 23:632 are penal in nature and must be strictly construed; their provisions must yield to equitable defenses. Haywood v. Salter, 421 So.2d 1190 (La.App. 2d Cir.1982); Johnson v. Banner Corporation, 308 So.2d 534 (La.App. 4th Cir.1975).
Where there is a bona fide dispute over the amount of wages due, the courts will not consider the failure to pay as arbitrary refusal and will refuse to award penalties. Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183 (La.App. 1st Cir.1979); Carriere v. Pee Wee's Equipment Co., 364 So.2d 555 (La.1978).
While the demand for penalty wages was rejected, plaintiffs were properly awarded attorney's fees.
An employee who brings a well-founded suit for unpaid wages is entitled to mandatory attorney's fees, irrespective of any defenses which may be raised by his employer. Carriere v. Pee Wee's Equipment Co., supra.
We find no abuse of discretion by the trial court in awarding the amount of $1,000 for attorney's fees in the trial court. Plaintiffs ask for additional attorney's fees for services rendered in this court.
While plaintiffs securd only $2 additional wages here and were unsuccessful in securing penalties, they were successful in refuting defendant's appeal to set aside the trial court judgment. We will allow plaintiffs an additional $500 for legal services rendered in this court.
For the reasons assigned, the judgments appealed from are amended to increase the award for past-due wages from the sum of $312 to the sum of $314, and to increase the award for attorney's fees from the sum of $1,000 to the sum of $1,500. In all other respects, the judgments appealed from are affirmed.
AMENDED AND AFFIRMED.