CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division “J”, Parish of Jefferson, wherein the Honorable Jacob L. Karno rendered judgment in favor of plaintiff for his claim of unpaid wages, but denied penalties and attorney fees. We amend and affirm as amended.
James Ryan was hired on as a deckhand for the towboat M/V Mr. Darren operated by Midget Marine, Inc. The M/V Mr. Darren traveled from Harvey, Louisiana, through the Industrial Canal, to Madison-ville, Louisiana, where it was to pick up five barges at the Equitable Shipyard and deliver them to Mobile, Alabama. Ryan joined the vessel, along with its captain, Don Thinook, somewhere in the Industrial Canal at approximately 2 p.m. in the afternoon of February 1, 1982. Shortly after arriving at Madisonville, at approximately 6 p.m. that evening, Captain Thinook instructed Ryan to go out and begin making up tow; lashing and securing the barges together for towing. Because of inclement weather, Ryan refused to do so and informed Captain Thinook that he quit. Captain Thinook allowed Ryan to stay aboard due to weather and phoned Midget Marine to inform them of what had transpired.
Thomas Pertuit, owner/operator of Midget Marine, sent a truck to pick up Ryan. Although he worked less than one day, Ryan did not physically leave the vessel until February 2, 1982, the following day, at approximately 2 p.m. when his employer’s truck arrived.
Several days later, Ryan phoned Pertuit and requested two days of pay for his employment with Midget Marine. Pertuit disputed Ryan's claim and in turn offered to pay him for one day. Ryan rejected Pertuit’s offer and the parties terminated their conversation.
Pertuit, having an address and phone number for Ryan, attempted to contact him by calling the number he had. However, Ryan’s mother answered the phone and *1013 stated Ryan was not in and she did not know where to get in touch with him, This was Pertuit’s only attempt. Later, Pertuit received a demand letter, certified receipt, from Ryan again demanding two days’ pay.
When payment was not forthcoming, Ryan filed suit praying for two days’ wages, and penalties and attorney’s fees in accordance with LSA-R.S. 23:632. After a trial on the merits, judgment was rendered in Ryan’s favor for Forty Dollars ($40) representing payment of one day’s wages together with legal interest plus costs. Ryan’s claim for penalties and attorney’s fees was dismissed.
Ryan appeals asserting as error:
that (1) the trial court erred in denying plaintiff’s claim for penalty wages; and that
(2) the trial court erred in denying plaintiff’s claim for reasonable attorney’s fees.
As to the penalties and attorney’s fees, the trial court concluded:
“... that the employer, who is the defendant, did not act in bad faith in this case, nor was he arbitrary or capricious. And the Court finds from the testimony that a dispute as to the plaintiff’s wages existed...
“Secondly, the Court finds that plaintiff quit his job within twenty-four (24) hours after being hired and he was permitted to remain on the vessel beyond the twenty-four (24) hours because of inclement weather. Thirdly, the Court finds that the plaintiff did not make a demand by appearing at the defendant’s usual place for payment, namely his business. ...”
On the issues of penalties and attorney’s fees, LSA-R.S. 23:631 and 632 provide:
Section 631 (in pertinent part)
“A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.”
Section 632
“Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”
PENALTIES
In Pace v. Parker Drilling Co. & Subsidiaries, 382 So.2d 988, 990-991 (La.App. 1st Cir.1980), after a thorough review of the applicable case law, it stated:
*1014 “R.S. 23:632 is a penal statute and therefore must be strictly construed. Equitable defenses are available and penalty wages are not to be absolutely imposed irrespective of the circumstances.” (Citations omitted)
“Whether or not there is an equitable defense to penalty wages depends on the particular facts of each case. The jurisprudential fact situations vary too widely to permit strict classification....”
“Basically, when there is a good-faith question of whether or not the employer actually owes past-due wages or whether there may be an offset to wages owed, resistance to payment will not trigger penalty wages. When the employer is arbitrary or sets out procedural pitfalls for the employee or is merely negligent in failing to pay past-due wages, penalty wages will be assessed. As the court stated in McCaskill v. Deviney Construction Company, 323 So.2d 178 (La. App. 3rd Cir.1975), writ denied 325 So.2d 615 (La.1976):
‘When the failure to pay wages due according to the statute is attributable to neglect or improper pay procedure of an employer, the equitable defense ... is not available to an employer.’ ”
Appellant contends that since appel-lee admits that he undisputedly owes him one day’s pay, appellee is liable under LSA-R.S. 23:632. We are not persuaded by appellant’s argument. Appellee offered appellant one day’s pay, the amount appel-lee believed was due. Appellant rejected this offer and continued to dispute the amount due him. Although there was no dispute that appellant was owed at least one day’s pay, there was a genuine dispute as to the amount appellee was ultimately going to pay. Where there is a bona fide dispute concerning the amount of wages due, the courts will not consider the failure to pay as arbitrary refusal and will not award penalties. McFarland v. Texhoma Contractors, Inc., 449 So.2d 1106 (La.App. 5th Cir.1984).
After careful review of the record, we conclude, as did the trial court, appellee did not act in bad faith, nor was he arbitrary or capricious.
ATTORNEY’S FEES
Irrespective of any defenses which may be raised by his employer, an employee who brings a well-founded suit for unpaid wages is entitled to mandatory attorney’s fees. McFarland, supra. Failure to make such an award in the instant case was error.
We believe that a reasonable fee, in view of the preparation required of counsel for both trial and appeal and the amount in dispute, is Five Hundred Dollars ($500). Carriere v. Pee Wee’s Equipment Co., 364 So.2d 555 (La.1978); Lazauskas v. Louisiana Offshore Caterers, Inc., 371 So.2d 1183 (La.App. 1st Cir.1979).
Accordingly, for the above stated reasons, the judgment appealed is hereby amended to reflect an award of $500 for attorney’s fees, and is affirmed as amended.
AMENDED AND AFFIRMED AS AMENDED.