496 So.2d 431 (1986)
Vic LANDRY
v.
PAULI'S, INCORPORATED.
No. 86-CA-232.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
Rehearing Denied November 17, 1986.
Writ Denied January 23, 1987.
*432 Bett C. Gibson, New Orleans, for plaintiff-appellant.
Lawrence J. Fritz, Metairie, for defendant-appellee.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
KLIEBERT, Judge.
Vic Landry, plaintiff, sued his former employer, Pauli's Incorporated, defendant, for $400.00 in past due wages in the form of earned vacation pay for 1984 and requested penalty wages and attorney fees pursuant to LSA-R.S. 23:631-2. Defendant reconvened alleging plaintiff had been overpaid by approximately $1,000.00 during 1983 and 1984 for days he had not worked. The trial judge found plaintiff was entitled to five days vacation pay at the time of his resignation and hence cast the defendant in judgment for $400.00 in wages plus interest and costs, rejected the plaintiff's claim for penalties and attorney fees and dismissed the defendant's reconventional demand. Plaintiff appealed the denial of penalty wages and attorney fees. Defendant answered the appeal, seeking a reversal of the trial judge's award. We amend the amount of the trial court judgment to include attorney fees of $400.00 and, as amended, affirm.
Vic Landry was hired in May of 1974 by Pauli's Incorporated to assemble merchandise. Over the years Landry's responsibilities increased to waiting on customers, buying parts and training and supervising employees, and his salary was increased to $10.00 per hour. Upon resigning in August of 1984, Landry was paid his wages but believing he, as a full time employee, was entitled to ten paid vacation days a year, informed his supervisor, Sandra Gulley (she was also the daughter of the owners of Pauli's, Inc.), he had accrued vacation days for 1984 and requested payment for the unused days in the amount of $400.00, computed as follows: 5 days × 8 hours = 40 × $10.00 = $400.00. After some delay plaintiff's request was denied and the present action ensued.
Under the provisions of LSA-R.S. 23:631[1] a resigning or discharged employee is entitled to recover vacation pay accruing *433 prior to his discharge, Draughn v. Mart, 411 So.2d 1188 (La.App. 4th Cir.1982), unless the employer's established policy precludes compensation for unused vacation days. See Howser v. Carruth Mortgage Corp., 476 So.2d 830 (La.App. 5th Cir.1985).
The defendant's vacation policies were poorly defined and varied somewhat from time to time and between employees. It was generally accepted, however, that it had been the employer's policy to give plaintiff ten days paid vacation a year. Moreover, the evidence showed the plaintiff and his former supervisor, William Ray, Jr., had been previously compensated for unpaid vacation time. Thus, on appeal no one seriously disputes plaintiff's entitlement to ten days paid vacation per year and to compensation for any accrued vacation time at the time of his resignation. The controversy is over how much, if any, accrued but unpaid vacation time plaintiff was entitled to at the time of his resignation. Additionally, the defendant contends that considering the years 1983 and 1984 together plaintiff has been compensated for more unworked time than he was entitled to and seeks an offset against accrued vacation time and/or reimbursement for the overpayment.
In support of its contention defendant submitted time cards which showed plaintiff was paid for thirteen days in 1983 and seven days in 1984 on which his time card was not punched to indicate he had worked on those days. Counsel for defendant contends all unpunched days should be charged against plaintiff's accrued vacation. Plaintiff's counsel on the other hand contends some seven of these days were for paid holidays while others were due to oversight in punching the card or absences for reasons other than vacation pay. An examination of the card shows none of the 13 unpunched days in 1983 and 4 of the 7 unpunched days in 1984 were marked "vacation." There are other pencil notations on cards which lead to different interpretations by the parties.
There is substantial conflict in the testimony as to whether the unpunched days for which plaintiff had been paid were for vacation, holidays, sick days or other reasons. The plaintiff did not know what vacation days he had taken in 1984 but nevertheless testified he had taken and been paid for five and was entitled to an additional five at the time of his resignation. The daughter of the owners of Pauli's, Sandra Gulley, originally believed the plaintiff was entitled to seven days vacation at the time of resignation but testified that in further investigation brought on by plaintiff she found he was not entitled to any accrued vacation. She admitted, however, that under the employer's past policy plaintiff was paid for sick leave.
The trial judge found the evidence showed plaintiff was entitled to ten paid vacation days per calendar year, including the partial year 1984, and to payment for any unused or uncompensated vacation time at the time of his resignation. He found Landry was an able and trusted employeee and that the defendant failed to keep accurate records on the accrual of and the compensation paid to plaintiff for vacation time. Therefore, in determining the number of uncompensated vacation days at the time of the resignation, he accepted plaintiff's testimony that he had been paid for five vacation days and was entitled to compensation for the remaining five vacation days and rendered judgment accordingly.
Based on our review of the record, we cannot say the trial judge was clearly wrong in reaching his factual determinations. Hence, we will not disturb them. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The remaining question to be resolved is whether the trial judge erred in failing to award penalties and/or attorney fees.
Plaintiff contends the trial judge erred in not awarding penalty wages pursuant to R.S. 23:632, which provides in pertinent part:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for *434 ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages."
It has often been stated by our courts that R.S. 23:632 is penal in nature and must be strictly construed. Howser, supra; Ryan v. Midget Marine, Inc., 474 So.2d 1011 (La.App. 5th Cir.1985). Penalty wages are not to be imposed when the facts indicate there is an equitable defense. Ryan, supra; Becnel v. Answer, Inc., 428 So.2d 539 (La.App. 4th Cir.1983). Although there are no statutory guidelines on what constitutes an equitable defense, the jurisprudence has found it in a wide variety of factual situations. For example, in Magee v. Engineered Mechanical Services, 415 So.2d 277, 279 (La.App. 1st Cir.1982) the court noted:
"[2] Courts are generally willing to find an equitable defense when there is a good faith dispute as to whether wages are actually owed. This situation may arise when, for instance, there is a question as to the number of hours worked, Lazauskas v. Louisiana Offshore Caterers, 371 So.2d 1183 (La.App. 1st Cir.1979), writ denied 373 So.2d 510 (La.1979), or when the employee seeks offsets against wages based, for instance, on damage caused by the employee, Colbert v. Mike Baker Brick Co. of New Iberia, Inc., 326 So.2d 900 (La.App. 3d Cir.1976), application not considered 329 So.2d 753 (La.1976), overruled in part on another point 364 So.2d at 556 (La.1978), or on advances made to the employee, Doucet v. Plantation Manor, Inc., 382 So.2d 984 (La.App. 1st Cir.1980), or because property of the employer is allegedly being improperly retained by the employee, Carriere v. Pee Wee's Equipment Company, 364 So.2d 555 (La.1978).
When wages are unquestionably due, however, and the employer refuses to make payment because the employee has not complied with some company policy or procedure, the courts have not found an equitable defense. Soday v. Mall Snacks, Inc., 374 So.2d 138 (La.App. 1st Cir.1979); Duhon v. Prof Erny's Music Company, Inc., 328 So.2d 788 (La.App.3d Cir.1976)."
Here Sandra Gulley testified plaintiff informed her he was entitled to five days vacation pay upon his resignation, whereupon Gulley promised to "get to it as soon as I can," but on further inquiry learned the plaintiff was not entitled to any accrued vacation time. According to plaintiff's testimony, he called Gulley several times and was informed she was still checking into the claim and would mail his check shortly. Since she took no further action, plaintiff called Mrs. Pauli and according to him, from his discussion formulated the impression he would not receive the vacation pay because he had resigned. Further, he testifed he was not informed of the alleged overpayments until the reconventional demand was filed.
Plaintiff argues that the record shows no bona fide dispute existed as to the amount of wages due and that defendant's sudden refusal to pay unused vacation wages was arbitrary and in bad faith. He contends the employer's failure to pay was due to their aggrievement over his resignation rather than because of a dispute as to wages owed and cites the dismissal of defendant's reconventional demand for "overpayments" as further evidence of bad faith.
We first note that even if vacation wages were not paid because plaintiff resigned, the issue of whether they were due was brought to the forefront. Defendant did not assert its claim for overpayments at an earlier time because the possibility of such a claim was not discovered until inquiry into plaintiff's demand for vacation pay disclosed plaintiff had been paid for days on which his time card was not punched. Based on these payments and the fact plaintiff resigned in August,[2] defendant *435 felt vacation pay was not owed. The fact the trial judge reached the opposite conclusion does not mandate a finding defendant was in bad faith.
Although plaintiff cites several cases in support of his position, we cannot say the trial judge was clearly wrong in finding that defendant did not act in bad faith when denying the claim for wages. The issue of appropriateness of penalty wages was before the trial judge at trial, in post trial memorandum, and again in plaintiff's motion for a new trial. The weighing of testimony on the issue required a credibility evaluation. Arceneaux v. Domingue, supra. As there is a reasonable factual basis for the trial judge's determination a good faith dispute existed as to whether vacation wages were actually owed, we must concur in the trial judge's conclusion defendant asserted an equitable defense, thereby precluding an award of penalty wages. Compare Howser, supra, wherein the employer offered no explanation as to why wages were not timely paid, and penalty wages were awarded.
However, we find merit in plaintiff's contention the trial judge erred in refusing to award attorney fees. La.R.S. 23:632 provides in pertinent part:
"....Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation."
Our courts have interpreted the phrase "well-founded suit" as a suit in which recovery of back wages is granted. Draughn v. Mart, supra; Berteau v. Wiener Corp., 362 So.2d 806 (4th Cir.1978) Attorney fees are mandatory when an employee brings a well-founded suit for unpaid wages, irrespective of any equitable defenses which may have been raised. Howser, supra; Ryan, supra. The instant suit is well-founded since plaintiff recovered $400.00 in vacation wages in the trial court. Failure to award attorney fees was error.
Plaintiff's counsel testified that, excluding trial, she spent sixteen and one-half hours working on the case. By affidavit submitted into evidence counsel detailed the various correspondence and pleadings she prepared and further reported attending the deposition of Sandra Gulley and a hearing on a motion to compel production of documents. Counsel tried the case, prepared post-trial memoranda, a motion for a new trial, and an appellate brief. In view of the extensive efforts expended by plaintiff's counsel at trial and on appeal we believe a reasonable fee is $400.00.
For the foregoing reasons, we amend the judgment of the trial court to provide for $400.00 as attorney fees to be paid to plaintiff's counsel and, as amended, affirm the judgment. Costs of this appeal are to be paid by appellee.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] LSA-R.S. 23:631 provides:

"A. Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed...."
[2] As defendants did not argue that vacation time should be prorated for 1984, the trial judge in his reasons for judgment concluded the full ten days was due. The defendant made no arguments against this conclusion on appeal.