638 So.2d 383 (1994)
Jay F. HUDDLESTON
v.
DILLARD DEPARTMENT STORE, INC.
No. 94-CA-53.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 1994.
*384 Jerry J. Blouin, New Orleans, for plaintiff-appellant.
Stephen P. Beiser, New Orleans, for defendant-appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This is an appeal by Jay F. Huddleston, plaintiff-appellant, from an adverse summary judgment in favor of his former employer, Dillard's Department Stores, Inc., defendant-appellee, in his suit for accrued vacation pay which he claims was owing upon his involuntary termination. The trial judge ruled that because the defendant's established policies were to treat accrued vacation pay as a benefit, rather than an earned wage, and to deny this benefit to employees terminated for cause, no such pay was owed here. Because we find no legal error in the decision of the trial judge, and because the parties agree that there are no material facts in dispute, we affirm the judgment of the district court.
The agreed upon facts are that plaintiff was hired by the store on March 6, 1991, and was fired on April 24, 1992. The employment application of March, 1991, asked whether the applicant had ever been convicted of a crime, to which plaintiff responded "no." He admitted in his deposition that he knew this answer to be false when he filled out the form because he had in fact pled guilty to distribution of marijuana only two weeks before. When the employer learned of this falsification, it fired him. He was apparently paid all outstanding wages, but urged that he should also be paid for 34 hours of vacation time which he claimed had accrued. The store refused to pay this amount on the grounds that under its employment policies, vacation pay was not considered an earned wage, but was rather a benefit which was not owing to employees terminated for cause. This suit followed, and summary judgment was rendered in favor of the employer. Plaintiff now appeals.
Plaintiff's argument here is that La. R.S. 23:631-634 mandates that he be paid for unused vacation time, and that any company policy to the contrary violates the provisions of these statutes. We disagree. The rule in this circuit is that unused vacation pay is considered wages for purposes of the statutes at issue, unless the employer's established policy precludes such payments, Landry v. Pauli's, Inc., 496 So.2d 431 (La.App. 5th Cir.1986), writ denied, 500 So.2d 428 (La.1987); Howser v. Carruth Mort. Corp., 476 So.2d 830 (La.App. 5th Cir.1985).
In the present case, the employee handbook applicable at the time of plaintiff's discharge stated in two places that:
Vacation is a benefit and not an earned wage. "Accrued Vacation" is only considered an earned benefit, and payable upon termination, if the employee terminates due to death, retirement, or voluntarily terminates employment by (1) providing a two weeks notice to their immediate supervisor and/or the personnel office prior to termination, and (2) working all hours scheduled during the two week period, or shorter period as determined by management. Employees involuntarily terminated for cause are not eligible for vacation pay.
This is a clear statement of the employer's policy in regard to vacation pay at termination and plaintiff does not seriously contend that he did not know of or understand the policy. While it is true that at the time plaintiff was hired, the handbook language was simply "involuntarily terminated," and at the time he was fired that phrase had been changed to "involuntarily terminated for cause," this alteration was in fact more favorable to the employees, and thus is not grounds for complaint.
Neither can it be said, as further suggested by plaintiff, that because the term "for cause" has no definition in the handbook, it is an ambiguity which should preclude giving the clause effect in the context of vacation pay. While it is true that no such definition appears, it is also true that in the Employee Work Rules, Rule 3, provides:

*385 Strict honesty must be maintained in all dealings with or for Dillard's. Any act of theft, dishonesty or falsification, including but not limited to those relating to Dillard's, co-employees, customers or other third parties, will not be tolerated. This includes all record-keeping, money/merchandise handling, and any other business transactions. Appropriate action, including discharge, may be taken should Dillard's have any suspicion of any violation.
This provision is clear in putting employees on notice that dishonesty in any form would be grounds for discharge. Further, the application itself contained a notice that any "misrepresentation or omission of material facts on this application is sufficient cause for dismissal." We also find it disingenuous to suggest that there could be any question that lying on an employment application about a conviction for distribution of a controlled substance would constitute "cause" for termination.
Plaintiff's last assertion is that the store's policy of not paying for accrued vacation when an employee is discharged for cause constitutes an illegal forfeiture of a vested right under La.R.S. 23:634, which states:
No person, acting either for himself or as an agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.
He relies particularly on the case of Lee v. Katz and Bestoff, Inc., 479 So.2d 459 (La. App. 1st Cir.1985) for the proposition that any company policy which causes a "forfeiture" of accrued vacation on termination is prohibited. In that case, the employee handbook stated that "unused vacation is forfeited upon separation of employment or notice of intent to terminate employment." In ruling that this policy was a prohibited forfeiture, the court noted that because the forfeiture could result from the unilateral action of the employer in simply discharging the employee at its own discretion or even whim, it was manifestly unjust. That is not the circumstance here.
The term of employment in relation to vacation pay at issue in this case is that in the event an employee is terminated involuntarily for cause he will not receive this benefit. There can be no question that plaintiff was discharged for cause of his own making and thus that no unilateral action of the employer brought about the loss of the benefit. Moreover, as the company policy is written, the right to be paid for unused vacation does not vest in the employee until such time that the appropriate conditions prior to separation from employment are met, i.e. by death, retirement, or giving of two weeks notice and working the required hours. We also particularly note that here the cause for discharge came into being even before the inception of the employment relationship, when plaintiff knowingly lied on his application. Considering all of these circumstances, we hold that the policy of the store at issue here does not violate any of the provisions of La.R.S. 23:631-634, and that summary judgment was properly rendered in the store's favor by the district court.
AFFIRMED.