h GAUDIN, Judge.
This is an appeal by an attorney, Alexander A. Lambert, Jr., from a district court judgment which denied allegedly unused vacation pay, penalties and attorney’s fees. The appellant had sued his former employer, Usry & Weeks, a law partnership.
We affirm, finding that the trial judge did not err in rendering judgment on February 8, 1994 and assigning these reasons:
“This cause, a rule for unpaid wages, penalties, and attorney’s fees, came to be heard *1281 on November 17, 1993. It was submitted on memorandum, argued, and taken under advisement.
“Plaintiff worked with defendant as an attorney from June 18, 1987 through July 30, 1993. It is stipulated that plaintiff was timely paid the wages due him from his employment. The issue before this Court is whether or not plaintiff was paid the proper amount for vacation days vested him, and whether plaintiff can be awarded penalty wages and attorney’s fees under La.R.S. 23:632.
“After reviewing the testimony and memorandum submitted by hboth parties, it is the opinion of this Court that plaintiff properly requested payment for vacation days due him on September 14, 1993; and that demand resulted in proper payment by defendant. The plaintiffs request for penalty wages and attorney fees is denied because when defendant was properly demanded to pay, they did so properly and adequately.”
From the stipulated facts[1], it is clear that when Mr. Lambert was terminated on or about July 27, 1993, he was advised by Freeman Matthews of the law firm “... that he (Lambert) would receive all sums to which he was entitled, included any vested vacation pay.” Unused vacation pay is considered wages for purposes of statutes pertinent to this case, as this Court stated in Huddleston v. Dillard Dept. Store, 638 So.2d 383 (La. App. 5 Cir.1994).
It is also clear that Mr. Lambert was timely paid all salary due him and that when he was terminated he was vested for a portion of a 15-day vacation based on a pro rata calculation. Because Mr. Lambert’s work year commenced on June 13, 1993, he had earned approximately 6/52nd of his 15-day vacation time.
After the Lambert-Matthews conversation on or about July 27th, there was no further meaningful communication between Mr. Lambert and the law firm until September 14, 1993. On that day, the law firm received a demand letter from Mr. Lambert, seeking pay for three weeks of accrued vacation time; also on September 14th Mr. Lambert was paid $2,025.26 for two weeks’ vacation time.
We cannot say that the trial judge wrongly concluded (1) that Mr. Lambert had received all sums due him on September 14, 1993 and (2) that the Lambert-Matthews conversation and subsequent unanswered telephone calls from Mr. Lambert to Mr. Matthews did not combine to constitute a demand for payment under R.S. 23:632.
Mr. Lambert argues that on June 18, 1993, when he started a new work year, he was immediately vested with a 15-day vacation period. Such a contention runs afoul of the law firm’s office |3manual, which states that vacation time is earned pro rata throughout the work year. Nonetheless, some amount was due Mr. Lambert for vested vacation time and this was not paid until September 14, 1993.
A statutorily sufficient demand for payment does not have to be in writing, but the oral or written request must be fairly precise and certain. R.S. 23:632 is a penal statute and is strictly construed. Here, there was no live testimony. The stipulated facts state only that “... Freeman Matthews confirmed to plaintiff that he would receive all sums to which he was entitled, including any vested vacation pay.” The stipulated facts do not say that Mr. Lambert at that time demanded further payment. In fact, we are unsure from the stipulated facts exactly what Mr. Lambert said to Mr. Matthews.
Mr. Lambert’s subsequent telephone calls, according to the stipulated facts, were received by the law firm’s clerical staff. Mr. Lambert left some messages saying that he was calling “regarding his check” or words to similar effect but Mr. Matthews neither received nor returned any of these calls. The trial judge determined that a binding statutory demand had not been made until September 14, 1993. The stipulated facts and circumstances of this case support the appealed-from judgment.
*1282 Appellant is to bear costs of this appeal.
AFFIRMED.

. Which are attached to and made part of this opinion.