Dear Doug:
I am in receipt of your request for an Attorney General's opinion wherein you seek an opinion concerning the payment of annual leave to an employee when they separate service. You indicate that the school district has a policy that provides that school employees can accumulate annual leave and vacation time without limitation. The policy also provides that upon an employee's separation from employment, the school district's obligation to them for unused accumulated annual leave or vacation would be limited to not more than the thirty days.
Specifically, you seek an opinion concerning the following question:
 . . . [w]hether or not LSA-R.S. 23:631 or other applicable laws obligate the school district to pay an employee for the total number of days of accumulated leave time, notwithstanding any limitation that is provided for under school district policy which otherwise limits the school district's obligation to pay for accumulated leave time upon separation from employment.
LSA-R.S. 23:631 states the following concerning the discharge or resignation of employees and the payment of these employees after termination of employment.
 A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hours, day, week, or month, not later than three days following the date of discharge.
 (b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hours, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of resignation, whichever occurs first.
 (2) Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
 (3) The provisions of this Subsection shall not apply when there is a collective bargaining agreement between the employer and the laborer or other employee which provides otherwise.
 B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.
 C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.
 D. (1) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
 (a) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
 (2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.
LSA-R.S. 23:634, provides the following in pertinent part concerning contracts forfeiting wages on discharge. It states:
 No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.
As discussed in Picard v. Vermillion Parish School Board, 98-1933 (La.App. 3rd Cir. 6/23/99):
 [V]acation pay is considered to be wages for purposes of LSA-R.S. 23:631, Draughn v., Mart, 411 So.2d 1188
(La.App. 4 cir. 1982), writ denied, 415 So.2d 944 (La. 1982), Baudoin v. Vermillion Parish School Bd., 96-1604 (La.App. 3 cir. 4/2/97, 692 So.2d 692 So.2d 1316 writ denied, 67-1169 (La. 6/20/97, 695 So.2d 1358).
Unused vacation pay is considered wages for purposes of the statute at issue, unless the employer's established policy precludes such payments. Landry v. Paul, Inc., 496 So.2d 431
(La.App. 5 cir. 1986), writ denied, 500 So.2d 428 (La. 1987).
In Beard v. Summit Institute for Pulmonary Medicine andRehabilitation, 97-1784 (La. 3/4/98), the Supreme Court held the following:
 If an employer employs a person upon the condition that the person will be able to accrue unused vacation time and be paid for it, such accrued vacation time, once earned, is "an amount due under the terms of employment" under La. R.S. 23:631 and also constitutes "wages" under La. R.S. 23:634. As such, La. R.S. 23:634 prohibits the employer, either through an employment contract or policy, from requiring the employee to forfeit these wages for the violation of a company regulation when the employee is discharged or resigns.
As discussed in Beard, supra citing In Lee v. Katz andBestoff, Inc., 479 So.2d 459 (La.App. 1 cir. 1985), the Court held that:
 A company policy providing that unused vacation is forfeited upon separation of employment is manifestly unjust and invalid under La. R.S. 23:631 and 634 as the unilateral act of the employer prevents the fulfillment of the condition to the employee's receipt of the benefits.
In Baudoin v. Vermillion Parish Board, 692 So.2d 1316 (3 cir. 1997) wherein the court held that a retired school board employee was entitled to compensation for accrued but unused annual leave, where those alleged policies were not well known or routinely followed. The court held that once benefits such as vacation pay have vested, company policy cannot deprive the employees of the right to these benefits. The court also stated that the school board could not allow an employee to accumulate annual leave and then change its policy, so that the employee forfeits what he or she accumulated prior to the changes in policy. Baudoin citing Bertreau v. Wiener Corp.,362 So.2d 806 (La.App. 4 cir. 1978) and Knecht v. Board of Trustees forState Colleges and Universities and Northwestern StateUniversity, 591 So.2d 690 (La. 1991).
In Huddleston v. Dillard Dept. Store, Inc., 94-53 (La.App. 5 Cir. 5/31/94); 638 So.2d 383, the court found that where an employer has a clearly established policy that vacation time is not considered wages for the purposes of La. R.S.23:631(D)(2), an employee is not entitled to reimbursement for unused, accrued vacation time. The employee handbook clearly stated that vacation is a benefit and not earned wage and that vacation pay is not available to employees terminated for cause. The Court concluded that vacation pay under the policy inHuddleston would not fall under the category of something "actually earned by an employee pursuant to the employer's policy" under La. R.S. 23:631 D(2).
 The school board's policy states the following:
 Employees are permitted to accumulate and carry forward any unused days from the previous year(s). However, employees are encouraged to take vacation time on an annual basis.
 Upon leaving the employ of the Monroe City School Board, an individual may receive up to a maximum thirty (30) days accumulated vacation pay.
 Effective date of this policy shall be 1 July 1994. Employees with greater than thirty (30) accumulated vacation days as of 30 June 1994 shall be grandfathered under the established procedures in effect prior to this policy.
In sum, the school board's policy treated accumulated vacation pay over 30 days as a benefit. The policy prevented any right to payment of any excess leave from vesting. Moreover, the policy is clear and unambiguous. The school board under the above facts is not obligated to pay any accumulated unused vacation leave in excess of 30 days upon an employee's separation from employment, unless, under the above policy, such excess was accumulated prior to July 1, 1994.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
99-300.op