I,YELVERTON, J.
Larry Moore filed suit against his former employer, the City of Abbeville, seeking recovery of compensation for unused leave. The district court found in favor of Moore and awarded him $24,297 as compensation for unused leave in addition to $5,000 attorney’s fees. The trial court also denied the City’s peremptory exception of no cause of action and its reconventional demand. The City appeals the trial court’s judgment.
FACTS
The following facts were stipulated by the parties before the hearing. Moore began his employment with the City on June 8, 1984. During his employment, Moore was a member of the Abbeville Municipal Employees Civil Service System. Moore was terminated for cause by the Abbeville City Council effective August 15, 2000. Moore appealed his termination to the Abbeville Municipal Employees Civil Service Board, which amended the termination to a suspension without pay for 28 days and ordered the reinstatement of Moore to his employment with the City.
Moore was then placed on administrative leave by the City Council and paid his full salary. During the period that Moore was on administrative leave, he performed no labor or services for the City. During this time of administrative leave, Moore was paid a total of $9,865.66 by the City. The action of the Civil Service Board was appealed by the City to the district court, which reversed the Civil Service Board’s decision and ordered the reinstatement of the decision terminating Moore.
Moore filed suit against the City for compensation for his unused leave. The parties stipulated that if Moore was entitled to compensation for his unused leave, he would receive $24,297. The City filed a reconventional demand against Moore for | ?the $9,865.99 that it paid Moore when he was on administrative leave. The City also filed an exception of no right of action alleging that Moore was not entitled to compensation for unused leave because the rules of the Abbeville Municipal Employees Civil Service System provide that any employee of the City who is terminated forfeits any unused leave.
The trial court found in favor of Moore and awarded him $24,297 in addition to $5,000 in attorney’s fees. It also denied the City’s reconventional demand and its exception of no right of action. The City appeals the judgment.
LIABILITY FOR UNUSED LEAVE
The City claims the trial court erred in failing to grant its exception of no right of action finding that the rule enacted by the Civil Service Board which provides for forfeiture of all unused leave upon the termination of an employee was unenforceable. It claims that there were no allegations by Moore that the civil service rule was invalid, unconstitutional, or unenforceable, so it should be enforced.
Moore alleged that he was entitled to be paid for unused leave under state law as found in Louisiana Revised Statute 23:631, et seq. He is not claiming that the rule of *1246 the Civil Service Board is unconstitutional, but that it' is in conflict with this law. It is well-established that a subordinate political subdivision cannot pass laws that are in conflict with the laws of the State of Louisiana. Rollins Environmental Serv. v. Iberville Parish, 371 So.2d 1127 (La.1979); City of Lake Charles v. Broussard, 475 So.2d 411 (La.App. 3 Cir.1985); and Restivo v. City of Shreveport, 566 So.2d 669 (La.App. 2 Cir.1990). Therefore, the issue of whether Moore is entitled to compensation for unused leave is properly before this court.
1 aRule VII, Sections 1.2 & 2.5, of the Abbeville Civil Service Rules provides for the accumulation of leave earned by an employee. Sections 1.4 & 2.6 provide for the forfeiture of all accumulated leave upon the termination of an employee unless the termination was voluntary.
At the time of Moore’s discharge from employment, Louisiana Revised Statute 23:631 provided in pertinent part:
A. (l)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge.
[[Image here]]
D. (1) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
(a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
(b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer’s policy.
Additionally, Louisiana Revised Statute 23:634(A) strictly forbids an employer from requiring an employee, by contract, to forfeit wages upon termination as follows:
No person, acting either for himself or as agent or otherwise, shall require any of his employees to sign contracts by which the employees shall forfeit their wages if discharged before the contract is completed or if the employees resign their employment before the contract is completed; but in all such cases the employees shall be entitled to the wages actually earned up to the time of their discharge or resignation.
|/The law in this circuit is well-established regarding the right to be compensated for unused leave when an employee’s employment is terminated. This court in Picard v. Vermilion Parish School Bd., 98-1933, pp. 11-12 (La.App. 3 Cir. 6/23/99); 742 So.2d 589, 595-96, writ denied, 99-2197 (La.11/19/99); 749 So.2d 675, analyzed the law and jurisprudence and held that:
[W]e find that where an employment policy provides for the accrual of vacation time upon the completion of a specified amount of work, the policies against forfeiture of wages dictate that an employee’s rights vest once the condition precedent, the allotment of work, is completed. We now hold that in the absence of a clear, written policy establish *1247 ing that vacation time granted by an employer to an employee is nothing more than a mere gratuity and not to be considered an amount due or a wage, accrued but unused vacation time is a vested right for which an employee must be compensated upon discharge or resignation.
This court recently adhered to this holding in Wyatt v. Avoyelles Parish School Bd., 01-531 (La.App. 3 Cir. 10/31/01); 799 So.2d 1197.
The court in Picard cited Huddleston v. Dillard Dept. Stores, Inc., 94-53 (La.App. 5 Cir. 5/31/94); 638 So.2d 383, as an example of a situation where the employee handbook clearly provided that vacation was a benefit and not an earned wage. The employee handbook in Picard provided:
Vacation is a benefit and not an earned wage. “Accrued Vacation” is only considered an earned benefit, and payable upon termination, if the employee terminates due to death, retirement, or voluntarily terminates employment by (1) providing a two weeks notice to their immediate supervisor and/or the personnel office prior to termination, and (2) working all hours scheduled during the two week period, or shorter period as determined by management. Employees involuntarily terminated for cause are not eligible for vacation pay.
Huddleston, 638 So.2d at 384.
While the rules of the Abbeville Municipal Employees Civil Service System in this case provide that an employee forfeits any unused leave when employment is | -terminated, there is no clear written policy that leave earned by an employee is a mere gratuity. The trial court was correct in finding that Moore is entitled to be compensated for unused leave since it was a wage under the law.
RECONVENTIONAL DEMAND
The City also argues the trial court erred in failing to grant its reconventional demand filed against Moore, claiming credit for the money paid to Moore while he was on administrative leave. Moore received $9,865.66 as salary during the time he was on administrative leave.
The parties stipulated that Moore was paid his full salary when he was placed on administrative leave by the Abbeville City Council after the Civil Service Board ordered his reinstatement following a 28 day suspension without pay. It was also stipulated that Moore performed no labor or services during this administrative period.
Even though the City was ordered to reinstate Moore, it made a decision to place him on administrative leave with pay instead. The City has offered no evidence that Moore refused to work during this time. The City is in no position to argue that the payment it made to Moore was unjustifiable and against the law pursuant to Louisiana Constitution Article VII, Section 14, because it was the City that made the decision to place Moore on administrative leave. .
When the Civil Service Board found that the City’s action in terminating Moore was not in good faith for cause, it was required to order the immediate reinstatement of Moore with pay. La.R.S. 33:2501(0(1). It could have also ordered a suspension without pay for a given period which is what the Civil Service Board did |fiin this case. Furthermore, Section (C)(2) requires the appointing authority to enforce the decision of the Board. Therefore, Moore was entitled to receive his *1248 salary under the law. The fact that he was placed on administrative leave as opposed to actually returning to work was a decision of the City. It was still required to pay his salary pursuant to the Civil Service Board’s decision. The trial court was correct in denying the City’s reconventional demand.
For the reasons discussed in this opinion, the judgment of the trial court is affirmed. Costs are assessed to the City of Abbeville.
AFFIRMED.