411 So.2d 1188 (1982)
Desi DRAUGHN
v.
Breaux MART.
No. 12372.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1982.
Rehearing Denied April 16, 1982.
*1189 O'Dowd & O'Dowd, Kim M. O'Dowd, New Orleans, for plaintiff-appellant.
Kullman, Lang, Inman & Bee, Clyde H. Jacob, III, New Orleans, for defendant-appellee.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Plaintiff, Desi Draughn, appeals a district court decision in his favor and against the defendant, Breaux Mart, in the sum of $640, representing vacation pay due, plus attorney fees of $400, costs and legal interest upon the entire judgment. Draughn alleges on appeal that he should have been granted penalty wages under the provisions of LSA-R.S. 23:631, in addition to the awards made to him.
Defendant has answered the appeal, asking that the trial court decision be reversed to a finding of no liability to the plaintiff by the defendant.
After a previous dismissal, Draughn was employed by Breaux Mart on December 13, 1976. In the latter part of January, 1980, after being reprimanded regarding his poor performance and after being counseled several times by his immediate supervisor at the store, Draughn was discharged. On the next day the plaintiff was paid for all of his back wages currently owed by the store; however, he received no payment for two weeks of accrued vacation time. He learned, moreover, upon calling the store, payment for such would not be forthcoming, whereupon this suit was filed.
Breaux Mart's employee handbook, which was introduced at trial, provided, in part, under the heading of Vacation Pay:
"A. All employees, whether full-time or part-time, who have been on the payroll for one complete year are entitled to one week's paid vacation.
* * * * * *
"E. All full-time employees who have been on the payroll for two (2) complete years are entitled to two (2) weeks of paid vacation."
At trial James E. Lamb, Sr., general manager of Breaux Mart, testified that employees were only entitled to paid vacations while still working for Breaux Mart and that it has always been the consistent policy of the store that any employee who was discharged for cause was not paid for any unused vacation time.
The trial judge, in rendering judgment from the bench, stated that although he was satisfied the plaintiff was entitled to two weeks' vacation pay and attorney fees, there were no arbitrary or unreasonable actions on behalf of the employer in denying vacation pay since the provisions of the employee manual might have been interpreted in several ways. Accordingly, he denied the plaintiff penalty wages claimed under LSA-R.S. 23:632 but made an award of attorney fees.
LSA-R.S. 23:631 provides that upon discharge or resignation of any laborer or other employee of any kind, it shall be the duty of the employer to pay the amount then due under the terms of employment. It also provides that in a dispute as to the amount due under this section the employer shall pay the undisputed portion of the amount due.
LSA-R.S. 23:632 states that any employer who fails or refuses to comply with the provisions of LSA-R.S. 23:631 shall be liable to the employee either for 90 days' wages at the employee's daily rate of pay or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, *1190 whichever is lesser. It also provides that reasonable attorney fees shall be allowed the laborer or employee by the court in the event "a well-founded suit for any unpaid wages whatsoever" be filed by the laborer or employee after the three-day delay period for payment has elapsed.
The jurisprudence articulated in Berteau v. Wiener Corp., 362 So.2d 806 (La.App. 4th Cir. 1978), is directly applicable to the present case. In Berteau, the plaintiff, after becoming eligible for one week of vacation under the terms of her employer's company handbook, and upon her completion of one year of service, was terminated before taking her scheduled vacation week. She thereupon requested her vacation pay but was denied it.
Upon deciding that the plaintiff was entitled to the vacation pay, this court said at 808-809:
"There is jurisprudence in Louisiana to the effect that vacation benefits are included in the definition of the `amount due under the terms of employment'. The Second and Third Circuits have held that vacation benefits are additional wages and are, therefore, to be included in the amount paid to the employee upon discharge. See Stell v. Caylor, 223 So.2d 423 (La.App. 3rd Cir. 1969) and Sewell v. Sharp, 102 So.2d 259 (La.App.2d Cir. 1958).
* * * * * *
"Appellant's right to her vacation had vested under the handbook and her request for its approval, and the company cannot force forfeiture of that right. A vested right is defined as that case when `the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right.' Tennant v. Russell, 214 La. 1046, 39 So.2d 726 (1949). Mrs. Berteau clearly had a present interest in a vacation benefit and divesting her of this is a forfeiture. Wage forfeitures are not allowed in our law. Pender, et al. v. Power Structures, Inc., 359 So.2d 1321 (La.App. 4th Cir., Docket No. 8790, June 18, 1978) and La.R.S. 23:634. We therefore hold that appellant is entitled to her vacation pay in the amount of $149.32."
The factual situation in the present case is very similar to that of the Berteau case, and, accordingly, we hold that part of the district court decision granting the plaintiff pay for accrued vacation was correct.
Similarly, the trial court's decision to deny penalty wages against Breaux Mart was also proper. In Berteau, supra, at 809, the court observed:
"La.R.S. 23:632 outlines certain penalties to be paid to discharged employees of employers who refuse to comply with the provisions of R.S. 23:631. The jurisprudence of this state is to the effect that statutes which are expressly penal in nature are to be strictly construed. Mitchell v. First Nat. Life Ins. Co., 236 La. 696, 109 So.2d 61 (1959). Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). If it is determined then, that a bona fide dispute as to wages due existed at the time of the refusal to pay, no penalties will be awarded. Sifers v. Exxon Corp., 338 So.2d 763 (La.App. 4th Cir. 1976). For the employee to recover, the employer must have been motivated by bad faith or must be found to have acted in an `arbitrary or unreasonable' manner. Pittman v. Eyrand, 290 So.2d 800 (La.App. 4th Cir. 1974).
"It does not appear that the requisite bad faith is present in this case. The testimony of all parties indicates that this policy, while not in writing and not well settled, had been applied to others previously. This indicates to us that the action of appellee in denying the vacation benefits was not arbitrary or unreasonable. No bad faith can be imputed to the employer. Our finding that the contract between the employer and employee did not, as a matter of law, require that one continue *1191 to be an employee to receive benefits does not preclude the possibility of a good faith refusal. We therefore find that no penalty wages are due in this case."
From the testimony of the general manager of Breaux Mart, the defendant company was apparently in good faith in interpreting the vacation provisions of the employer handbook to mean that an employee can only take advantage of accrued vacation time as long as he is employed by the store, and dismissal for cause results in forfeiture of that benefit. Moreover, Lamb testified this policy was applied indiscriminately to all employees. Accordingly no bad faith was shown in the denial of these benefits to Draughn, nor was the defendant shown to have acted in an arbitrary or unreasonable manner in doing so, which are prerequisites to recovering penalty wages.
In regard to the award of attorney fees in a case such as the present one, the court also said in Berteau at 809:
"The rule of this circuit as to attorney's fees is stated in Rubenstein Bros. v. LaForte, 320 So.2d 303 (La.App. 4th Cir. 1975). In that case the court found that the phrase "well-founded suit" in the statute refers to a suit in which recovery of wages is granted. Thus, where back wages are awarded, reasonable attorney's fees must also be granted.
"We therefore hold that the appellant is entitled to reasonable attorney's fees under 23:632, which we fix at $300.00."
Because the plaintiff was awarded back wages in this case, therefore, an accompanying award of attorney fees was also required.
For the reasons assigned, the trial court judgment is affirmed.
AFFIRMED.