479 So.2d 459 (1985)
Bessie Porter LEE
v.
KATZ AND BESTOFF, INC.[1]
No. CA/84/0922.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*460 Peggy M.H. Robinson, Baton Rouge, for plaintiff-appellant Bessie Porter Lee.
James B. Irwin, New Orleans, for defendant-appellee Katz and Bestoff, Inc.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
GROVER L. COVINGTON, Chief Judge.
This is a devolutive appeal from a judgment sustaining the defendant's motion for a summary judgment and dismissing the suit of the plaintiff for wages and penalties following the termination of her employment, said judgment having been signed on May 15, 1984.
On November 23, 1983, Bessie Porter Lee, the plaintiff, brought the suit to recover accrued vacation pay, penalties and attorney fees, pursuant to La.R.S. 23:631 et seq., against her employer, Katz & Bestoff, Inc. Defendant filed a motion for summary judgment.
After hearing, the lower court held that "the claim for unused vacation is not wages, it's merely an expectation in the future and it does not violate the provisions under Section 634. So, the court will grant the motion for summary judgment."
La.C.C.P. art. 966 permits a summary judgment only if there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law. See Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir. 1979).
At first glance, we see that plaintiff was hired on April 23, 1981 and received her copy of the Employee Handbook the next day. Further, in standard size print, as the other provisions, on page 7 under "VACATION POLICY" is: "Unused vacation is forfeited upon separation of employment or notice of intent to terminate employment. No vacation days will be carried over to the following year." This seems to close the door on the plaintiff and make summary judgment proper.
However, as a matter of law, the defendant is not entitled to summary judgment. "Vacation pay" is considered to be "wages" for the purposes of La.R.S. 23:631. Draughn v. Breaux Mart, 411 So.2d 1188 (La.App. 4th Cir.1982); writ denied 415 So.2d 944 (La.1982).
La.R.S. 23:634 declares that any employment contract forfeiting "wages" on discharge is unlawful, but the employee is entitled to "wages" up to the time of discharge. Morris v. Parish Radio Service Company, Inc., 444 So.2d 162 (La.App. 1st Cir. 1983) (involved "accrued vacation pay").
In Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353 (La.1976), the court held that a forfeiture clause in the employer's profit-sharing plan was manifestly unjust where the unilateral act of the employer prevented the fulfillment of the condition to the employee's receipt of the benefits. A similar forfeiture clause affecting vacation pay is likewise manifestly unjust and invalid.
Moreover, the K & B Employee Handbook falls within the concept of a "standard contract" or "contract of adhesion." Such a contract is "usually ... prepared by a party of superior bargaining power for adherence or rejection of the weaker party." Comment (c) under La.C.C. art. 2056 (1984).
*461 The judgment appealed is reversed and the case is remanded for further disposition in accordance with the foregoing reasons. The costs of this appeal are to be paid by the defendant-appellee. All other costs are to await final disposition of the case.
REVERSED AND REMANDED.
NOTES
[1] The correct name of the defendant is K & B, Inc.