Dear Ms. Adams:
You requested the opinion of this office concerning whether the Lafourche Council on Aging (the "Council") could implement a policy whereby one employee of the Council could transfer sick or annual leave to another employee. The transfer would be voluntary on the part of the contributing employee who would have to request the transfer in writing, designating such leave be transferred to a specified employee who has exhausted their sick or annual leave.
This office has been advised that the Council has adopted a policy which allows employees to earn sick and annual leave up to a maximum number of days each.
The employees have a property interest in their accrued leave. When an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is a vested right in the employee to the promised benefit. Knecht v. Board of Trustees for State Colleges and Universities, et al., 591 So.2d 690 (La. 1991) citing T.L. James Co. v. Montgomery, 332 So.2d 834 (La. 1976). See also, Draughn v. Mart,411 So.2d 1188 (La.App. 4th Cir. 1982) and Lee v. Katz and Bestoff, Inc., 479 So.2d 459 (La.App. 1st Cir. 1985) wherein the courts found that employees have a vested right in accrued vacation leave which could not be forfeited upon termination of employment.
As the leave is the property off the employee, the question then becomes, is this property which the employee can donate?
Our Civil Code, Article 1519, prohibits donations which are contrary to law or morals. It is the opinion of this office that a donation of leave from one employee to another in the circumstances described in your opinion request, is not contrary to law or morals, and therefore, it is permissible for the Council to implement a leave sharing program.
Because it is a donation, the requirements of the Civil Code concerning donations must be followed. Civil Code article1536 requires a donation of an incorporeal to be passed before a notary and two witnesses. Incorporeal things, as opposed to corporeal, are things that have no body, but are comprehended by the understanding, such as the rights of inheritance, servitudes, obligations, and right of intellectual property. C.C. art. 461. Accumulated sick and annual leave are incorporeal movables.
There are numerous other provisions in the Civil Code setting forth the requirements for a valid donation, including Civil Code article 1540 providing that a donation must be accepted by the donee in precise terms during the donee's lifetime. Only present property can be donated, not future property. C.C. art. 1528. The Civil Code also contains provisions which allow for the revocation of a donation in certain circumstances. C.C. art. 1559, et seq. We suggest that the Council consult with their legal counsel concerning the preparation of the act of donation.
Trusting this adequately responds to your request, I remain
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Martha S. Hess Assistant Attorney General