I aFOIL, Judge.
This appeal challenges the action of the trial court in dismissing the case pursuant to an exception of no cause of action. We affirm.
FACTS
Plaintiffs, James Riley Tarver and Jacquelyn Tarver Pinell, the heirs of Christine Tar-ver, filed this summary proceeding against the State of Louisiana, Department of Health and Hospitals, alleging that the Department failed to timely pay wages owed to Christine Tarver following Mrs. Tarver’s death, in violation of La.R.S. 23:631.[1] They alleged in their petition that at the time of her death in July of 1993, Christine Tarver was employed at Earl K. Long Hospital, and had accrued over 1,000 hours of annual leave. Following Mrs. Tarver’s death, the Department paid the value of 300 of Mrs. Tarver’s unused annual leave hours, which is the maximum amount of hours a Civil Service employee may be paid for upon separation from the state service under Civil Service Rule 11.10. Plaintiffs demanded payment for all of Mrs. Tarver’s accrued annual leave hours, asserting that the 300 hour limitation contained in Rule 11.10 is unconstitutional. They also sought to recover penalties and attorney’s fees.
The State of Louisiana filed a peremptory exception raising the objection of no cause of *1348 action, and also a dilatory exception attacking the use of summary process as unauthorized. The State asserted that Mrs. Tarver was paid for her unused leave hours in accordance with the law, and therefore, no cause of action existed to recover the excess annual leave or penalties and attorney’s fees. The State also attacked the use of a summary proceeding to challenge the constitutionality of the Civil Service -Rule, insisting that the suit should be converted to an ordinary proceeding for a declaratory judgment seeking to declare Rule 11.10 unconstitutional.
IgThe trial court rejected plaintiffs’ constitutional attack on Civil Service Rule 11.10, and upon finding the limitation contained therein to be valid, the court ruled that plaintiffs did not have a cause of action for payment of any leave hours in excess of the 300 hours previously paid by the State. This appeal, taken by plaintiffs, followed.
NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the petition. In assessing the validity of the exception, all well-pleaded facts are accepted as true. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Kyle v. Civil Service Commission, 588 So.2d 1154, 1158-1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992).
Plaintiffs’ contention that a cause of action exists to recover the excess annual leave hours is predicated on their assertion that the 300 hour limitation contained in Civil Service Rule 11.10 violates the constitutional proscription against sovereign immunity. La. Const. Art. XII § 10. At the time of Mrs. Tarver’s death, Civil Service Rule 11.10 provided, in pertinent part, as follows:
Payment for Annual Leave Upon Separation
(a) Subject to Sub-section (b) of this Rule and Rule 12.10(d), each employee upon separation from the Classified Service shall be paid the value of his accrued annual leave in a lump sum disregarding any final fraction of an hour; provided, that the privileges of this Rule shall not extend to any employee who is dismissed for theft of agency funds or property....
(b) No terminal payment for annual leave earned under these Rules shall exceed the value of 300 hours, computed on the basis of the employee’s hourly rate of pay at the time of his separation.
La. Const. Art. XII § 10 sets forth that “[n]either the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” Plaintiffs insist that the 300 hour limitation violates La. Const. Art. XII § 10, relying on the Supreme Court’s interpretation of the waiver of sovereign immunity provision in Chamberlain v. State, Department of Transportation and Development, 624 So.2d 874 (La.1993).
In Chamberlain, the Supreme Court held that a $500,000.00 ceiling on general damages that could be recovered in a tort suit against the State was unconstitutional because it constituted a “partial resurrection” of sovereign immunity in contravention of La. Const. Art. XII § 10. Plaintiffs submit that the 300 hour “cap” contained in Civil Service Rule 11.10 is likewise invalid because it provides a contractual advantage available to governmental defendants that is not available to similarly situated private defendants. As an example of the alleged “unfair advantage” bestowed upon the State by the rule’s 300 hour limitation, plaintiff points to the case of Lee v. Katz and Bestoff, Inc., 479 So.2d 459 (La.App. 1st Cir.1985). In that case, this court struck down that portion of a private employer’s leave policy which provided that unused vacation was to be forfeited upon separation of employment. This court held that the forfeiture provision was in violation of La.R.S. 23:634, which sets forth that any employment contract forfeiting “wages” on discharge is unlawful. The forfeiture provision was also found to be manifestly unfair. Id. at 460. But see Landry v. Pauli’s, Inc., 496 So.2d 431, 432-33 (La.App. 5th Cir.1986), writ denied, 500 So.2d 428 (La.1987), wherein *1349 the court stated that an employee is entitled to recover vacation pay accruing prior to his discharge, unless the employers’ established policy precludes compensation for unused vacation days.
We reject plaintiffs’ constitutional attack on Rule 11.10. The 300 hour limitation is part of an employment benefits package granted by the State to Civil Service employees. Under Civil Service Rule 11.6, a governmental employee is entitled to carry over accrued unused annual leave to the next calendar year. Although a Civil Service employee is entitled to accrue unlimited annual leave hours, upon separation from the state service, the employee is entitled to be paid for only 300 of the unused accrued annual hours. The State’s policy is far more favorable than the annual leave policy struck down by this court in the Lee case, and | senforcing the Rule will in no way bestow an unfair advantage upon the State as an employer. Indeed, there can be little doubt that in comparison to the annual leave policies of many private employers, it is the State which has bestowed upon its employees a more favorable contractual benefit by virtue of its annual leave policy.[2]
It is readily apparent that annual leave policies, whether adopted by governmental or private employers, vary greatly with respect to their terms. Thus, whether an employee is entitled to annual leave hours, whether the hours can be carried over into successive years, and the extent to which employees are compensated for accrued unused annual leave hours upon termination all depend on the particular employer’s policy on the subject. The mere fact that some private employers may have more favorable annual leave policies than the policy adopted by the State certainly does not render the State’s annual leave policy unconstitutional. Surely, nothing in the Chamberlain opinion could be read so broadly as to authorize this conclusion. Due to the vast differences in employers’ benefits packages, we cannot say that the 300 hour “ceiling” in any way “partially resurrects” sovereign immunity so as to violate La. Const. Art. XII § 10. Accordingly, we find that the trial court correctly refused to strike the limitation on constitutional grounds.
Since the 300 hour limitation is not invalid, plaintiffs have no cause of action to recover the annual leave hours accrued by Mrs. Tar-ver in excess of 300. As the pleadings clearly disclose that the State paid the required 300 hours in accordance with Civil Service Rule 11.10, the trial court was correct in dismissing this suit on the exception of no cause of action.
^CONCLUSION
‘ Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs, James Riley Tarver and Jacquelyn Tarver Pinell.
AFFIRMED.
WHIPPLE, J., dissents and will assign reasons.

. In Stafford v. City of Baton Rouge, 403 So.2d 733 (La.1981), the Louisiana Supreme Court held that La.R.S. 23:631, which requires an employer to pay wages to an employee upon discharge or resignation, applied to governmental employers.

. This would be true, for example, where a private employer has no annual leave policy, or prohibits its employees from carrying over annual leave hours into successive years, or allows compensation upon separation for a lesser number of unused leave hours.