Dear Mr. Hodgkins:
You have asked this office to render our legal opinion concerning the following two issues:
 Can a sheriff pay a deputy who was severely injured in a car accident while on duty after the deputy has used up his vacation and sick leave time?
 Can the sheriff and other deputies donate portions of their vacation and sick leave time to the injured deputy and if so should they figure an hourly rate and pay that rate instead of his regular salary?
In response to your first question, our research reflects nothing in the law which would specifically address the continued employment of a disabled deputy sheriff who has exhausted all of his vacation and sick leave. However, this office addressed the issue in Attorney General Opinion 76-1768, stating:
 " .even with no credits, [leave] as it were, considering the general authority of the sheriff and under circumstances that would justify the action would permit the continuing payment of salary to a temporarily disabled full-time deputy for a `reasonable' time."
 Thus, the test appears to be one of reasonableness concerning the time period allowed for the continued employment of a disabled deputy.
In response to your second question, we find no authority which specifically addresses the legality of a sheriff's employee transferring his accrued vacation and/or sick leave to a disabled deputy sheriff who has exhausted his own accrued leave. However, with regard to teaching staff, this office determined in Attorney General Opinion 94-509 that leave is a personal benefit which may be transferred by a member of a teaching staff to a coworker if the rules of the parish school board do not prohibit the donation. We think the same reasoning would be applicable to the sheriff's office, but such a policy must be implemented by the sheriff's office that allows for such a donation prior to the transfer. See attached Attorney General Opinions 96-481 and 94-530.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
OPINION NO. 76-1768
January 10, 1977
 90-A — Political Subdivisions, etc. 107 — Sheriffs, Constables, Marshals, etc 109 — State — Employees and Departments Temporarily disabled deputy sheriffs may continue to receive salary for a reasonable time after exhaustion of sick leave. R.S. 14:138
 Hon. Otis E. Lomenick, Jr. Legal Advisor St. Landry Parish Sheriff's Office Opelousas, LA 70507
Dear Mr. Lomenick:
Your letter of December 9, 1976, requesting an opinion from our office has been directed to me for attention. You ask the following:
 1. Is it lawful for a Sheriff to continue paying the salary of a part-time deputy, who is no longer to perform his duties as part-time deputy, due to illness not connected to or caused from his duties as Deputy Sheriff?
 2. Is it legal for a Sheriff to terminate a full-time or part-time deputy who can no longer perform his duties as Deputy Sheriff due to illness?
The general authority of the sheriff to hire his deputies, fix their working conditions and compensation, etc. is contained in R.S., 33:1421, et seq. Other than the criminal law provision on public payroll fraud contained in R.S. 14:138, there appears to be nothing in the constitution or the statutes governing the question of continuing the employment of a full-time deputy sheriff who is temporarily disabled and who has exhausted all of his sick leave.
While R.S. 14:138 generally proscribes against the carrying on a public payroll a person who is not performing services for his compensation, the section does provide an exception which is pertinent here, and reads as follows:
 This article shall not apply in the situation where a bona fide public officer or public employee, who is justifiably absent from his job or position for a reasonable time, continues to receive his usual compensation or a part thereof.
Also, please see Opinions of the Attorney General, 1942-44, page 924; 1946-48, page 981, copies enclosed.
The test then appears to be one of reasonableness. State Civil Service Rules and Regulations, Chapter 11.15 provides that a civil service employee temporarily disabled may be carried with pay for 22 working days. beyond exhaustion of sick leave. The governor's Executive Order No. 56, Section 6.5 dated 1/1/74, sets forth a similar policy for state officers and employees not under civil service. Other important considerations would be the availability of annual leave and compensatory time, and the deputy's monetary interest in the sheriff's relief and pension fund or any other indebtedness owing to the deputy that could be used to offset the salary owed should the disabled deputy never return to work.
However, even with no credits, as it were, considering the general authority of the sheriff and under circumstances that would justify the action, the exception contained in R.S. 14:138, as noted above, "would permit the continuing payment of salary to a temporarily disabled full-time deputy for a "reasonable time."
In the case of a part-time deputy, the same procedures would apply, however, it is obvious that the latitude of circumstances for the determination of a "reasonable time" would be much more restrictive.
Under the powers of the sheriff, as noted above, it would be legal for a sheriff to terminate a deputy who can no longer perform his duties.
If you have any other questions regarding this matter, please contact our office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: _____________________________ Harry H. Howard Assistant Attorney General
HH:ww
Enclosures
OPINION NUMBER 94-530
NOVEMBER 10, 1994
90-A — POLITICAL SUBDIVISIONS C.C. 1519, C.C. 1536, C.C. 461, C.C. 1540, C.C. 1528, C.C. 1559
The Lafourche Council on Aging may implement a policy allowing one employee to donate leave to another employee who has exhausted their sick and annual leave. The provisions of the Civil Code pertaining to donations must be followed.
Ms. Rose Adams Board Chairperson Lafourche Council on Aging, Inc. Lafourche Area Agency on Aging 119 Hwy. 3199, Suite 101 P.O. Box 500 Raceland, LA 70394
Dear Ms. Adams:
You requested the opinion of this office concerning whether the Lafourche Council on Aging (the "Council") could implement a policy whereby one employee of the Council could transfer sick or annual leave to another employee. The transfer would be voluntary on the part of the contributing employee who would have to request the transfer in writing, designating such leave be transferred to a specified employee who has exhausted their sick or annual leave.
This office has been advised that the Council has adopted a policy which allows employees to earn sick and annual leave up to a maximum number of days each.
The employees have a property interest in their accrued leave. When an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is a vested right in the employee to the promised benefit. Knecht v. Board of Trustees for State Colleges and Universities, et al., 591 So.2d 690 (La. 1991) citing T.L. James Co. v. Montgomery, 332 So.2d 834 (La. 1976). See also, Draughn v. Mart,411 So.2d 1188 (La.App. 4th Cir. 1982) and Lee v. Katz and Bestoff, Inc., 479 So.2d 459 (La.App. 1st Cir. 1985) wherein the courts found that employees have a vested right in accrued vacation leave which could not be forfeited upon termination of employment.
As the leave is the property off the employee, the question then becomes, is this property which the employee can donate?
Our Civil Code, Article 1519, prohibits donations which are contrary to law or morals. It is the opinion of this office that a donation of leave from one employee to another in the circumstances described in your opinion request, is not contrary to law or morals, and therefore, it is permissible for the Council to implement a leave sharing program.
Because it is a donation, the requirements of the Civil Code concerning donations must be followed. Civil Code article 1536 requires a donation of an incorporeal to be passed before a notary and two witnesses. Incorporeal things, as opposed to corporeal, are things that have no body, but are comprehended by the understanding, such as the rights of inheritance, servitudes, obligations, and right of intellectual property. C.C. art. 461. Accumulated sick and annual leave are incorporeal movables.
There are numerous other provisions in the Civil Code setting forth the requirements for a valid donation, including Civil Code article 1540 providing that a donation must be accepted by the donee in precise terms during the donee's lifetime. Only present property can be donated, not future property. C.C. art. 1528. The Civil Code also contains provisions which allow for the revocation of a donation in certain circumstances. C.C. art. 1559, et seq. We suggest that the Council consult with their legal counsel concerning the preparation of the act of donation.
Trusting this adequately responds to your request, I remain
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Martha S. Hess Assistant Attorney General
OPINION NUMBER 96-481
JANUARY 14, 1997
22-B EDUCATION — COLLEGES OTHER INSTITUTIONS OF HIGHER LEARNING LSA-R.S. 17:2149A(6) LSA-R.S. 17:3312A(6)
1) It is permissible under state law, for a teaching, professional or administrative unclassified employee to transfer sick and/or annual leave to another employee by donation in accordance with the Civil Code of Louisiana, provided so donation is allowed in the Bylaws and Regulations at Southern University.
2) The donation of leave, sick and/or annual, is not contingent upon illness emergency, or planned vacation by the donor or donee.
3) A retired university employee can transfer by donation any unused sick and annual leave that is not used in the calculation of his retirement benefits to current employee provided the university has a policy in effect at the time to allows for such a donation.
4) It is mandatory that a policy be issued prior to a donation being executed.
5) It is mandatory that a policy be issued prior to a donation being implemented.
Mr. Tolor E. White Vice President for Finance and Business Affairs and Comptroller of Southern University Southern University System Baton Rouge, Louisiana 70813
Dear Mr. White:
I am in receipt of your request for an Attorney General's opinion concerning employees donating annual and/or sick leave. Specifically, you ask the following:
 1) Whether it is permissible, under state law, for a Teaching, Professional or Administrative unclassified employee to transfer sick and/or annual leave to another employee by donation in accordance with the Civil Code of Louisiana?
 2) Whether the donation of leave sick and/or annual, is contingent upon illness, emergency or planned vacation by the donor or donee?
 3) Whether a retiree, former University employee, can transfer by donation any unused sick and/or annual leave that was not used in the calculation of his retirement benefits to a current employee?
 4) If the donation of annual and/or sick leave is permissible, is it mandatory that a policy be issued prior to a donation being executed?
 5) If the donation of annual and/or sick leave is permissible, is it mandatory that a policy be issued prior to a donation being implemented?
In response to your first question, please refer to Attorney General Opinion Number 94-530 which is attached. In that opinion, our office opined that the Lafourche Council on Aging may implement a policy allowing one employee to donate leave to another employee who has exhausted his or her sick and annual leave. In order to donate leave, the provisions of the Civil Code pertaining to donations must be followed.
As discussed in Opinion No. 94-530, employees have a property interest in their accrued leave. When an employer promises a benefit to employees, and employees accept by their actions in meeting the conditions, the result is a vested right in the employee to the promised benefit. Knecht v. Board of Trustees forState Colleges and Universities, 591 So.2d 690 (La. 1991) citingT.L. James Co. v. Montgomery, 332 So.2d 834 (La. 1976). The opinion concluded that a donation of leave from one employee to another is not contrary to law or morals and therefore, it is permissible for the council to implement a leave sharing program.
In Attorney General Opinion No. 94-509, our office concluded that sick leave is a personal benefit which may be transferred by a member of a teaching staff to another employee if the rules of the parish school board do not prohibit the donation. The opinion discussed that because state law does not prohibit the transfer of this vested personal benefit, our office is of the opinion that a parish school board in its discretion may adopt rules or regulations to permit a teacher to give some or all of his accrued sick leave days to another school board employee.
A review of state law also appears not to prohibit the donation of sick or annual leave from a teaching, professional or administrative unclassified employee of a college or university to another employee. Although such a transfer or donation is not prohibited by law it does not mean that it will be allowed unless there are Bylaws and Regulations to that effect.
A review of the Bylaws and Regulations at Southern University does not indicate that a donation of sick or annual leave from one employee to another is permissible. The following is stated in 3-2B concerning annual leave and 3-3(B) concerning sick leave:
 3-2 B. Annual leave shall be earned by full-time and part-time academic staff members and by unclassified employees who are on fiscal year appointments. The accumulation of annual leave days shall be in accordance with regulations or policies approved by the Board and appropriate state statutes. The President shall issue a memorandum setting forth these provisions.
 3-3 B. Sick leave shall be granted each regular employee in accordance with policies approved by the Board, relevant State statutes or Civil Service regulations, whichever are applicable. Such regulations and policies shall be issued by memorandum from the President.
Therefore, it is permissible under state law for a teaching, professional, or administrative unclassified employee, to transfer sick and/or annual leave to another employee by donation in accordance with the Civil Code of Louisiana, provided such donation is allowed in the Bylaws and Regulations at Southern University.
In answer to your second question, the donation of leave, sick and/or annual, is not contingent upon illness, emergency, or planned vacation by the donor or donee.
In response to your third question, a retired university employee can transfer by donation any unused sick and/or annual leave that is not used in the calculation of his retirement benefits to a current employee provided the University has a policy in effect at that time that allows for such a donation.
In answer to your fourth question, it is mandatory that a policy be issued prior to a donation being executed. As stated in LSA-R.S. 17:2149A(6) pertaining to sick leave for 12-month employees and LSA-R.S. 17:3312A(6) for academic personnel, upon separation caused by disability, death or retirement, all advanced sick leave shall be cancelled.
In response to your fifth question, since it is mandatory that a policy be issued prior to a donation being executed, it is also mandatory that a policy be issued prior to a donation being implemented.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
OPINION NUMBER 94-509
NOVEMBER 10, 1994
100 SCHOOLS DISTRICTS — Teachers, Principals 
Superintendents, Sabbatical Leave Extracurricular Activities, Students 103 SCHOOLS DISTRICTS — Pension and Benefits, Teachers' Retirement System LSA-Const. Art. VIII, § 9 (1974); LSA-R.S. 17:51; LSA-R.S. 17:81(C); LSA-R.S. 17:1201; LSA-R.S. 12:1201(A)(3)
Sick leave is a personal benefit which may be transferred by a member of the teaching staff to another employee if the rules of the parish school board do not prohibit the donation.
Mr. John R. Bourg, Secretary-Treasurer Office of the Louisiana AFL-CIO 429 Government Street Baton Rouge, LA 70821
Dear Mr. Bourg:
You have requested an opinion on behalf of the AFL-CIO pertaining to the use of accumulated sick leave by teachers. Specifically, you ask the following questions:
 1. Is it lawful for a public school board in Louisiana to permit a teacher to give some or all of his or her accrued sick leave days to another employee?
 2. Must the teacher donating the leave days also have a personal illness or emergency to be able to donate the leave days?
LSA-Const. Art. VIII, § 9 (1974) authorizes the legislature to create parish school boards. LSA-R.S. 17:51 creates a parish school board for each parish as a body corporate, which entity is "authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper." LSA-R.S. 17:81(C).
Sick leave is provided to a member of the teaching staff for personal illness or because of other emergencies, as limited by the provisions of LSA-R.S. 17:1201. LSA-R.S. 12:1201(A)(3) further provides that all such sick leave is "vested in the member of the teaching staff by whom such leave has been accumulated." As such, sick leave is a benefit which is personal in nature, similar to the annual leave benefit. See Knechtvs. Board of Trustees, 591 So.2d 690 (La. 1991).
The sick leave benefit is defined by state law and the rules and regulations promulgated by the parish school board under the authority of LSA-R.S. 17:81(C). Because state law does not prohibit the transfer of this vested personal benefit, this office is of the opinion that a parish school board in its discretion may adopt rules or regulations to permit a teacher to give some or all of his accrued sick leave days to another school board employee. We have been informed that the school boards in Orleans and Jefferson Parishes have established policies that permit such transfers.
In response to your second question, the donation of the sick leave benefit is not contingent upon the illness of the member of the teaching staff, unless otherwise provided by the rules of the parish school board.
Finally, we have also enclosed a copy of Attorney General Opinion 94-530, recently released, which addresses similar issues.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ BETH CONRAD-LANGSTON ASSISTANT ATTORNEY GENERAL
BCL:ams
Mr. John R. Bourg, Secretary-Treasurer Office of the Louisiana AFL-CIO 429 Government Street Baton Rouge, LA 70821
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL