# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**16-880**

KENDALL DIXON

VERSUS

CITY OF ALEXANDRIA

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,526
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

**MOTION TO SUPPLEMENT THE RECORD DENIED. MOTION TO PRODUCE DENIED. DENIAL OF EXCEPTION OF NO CAUSE OF ACTION REVERSED IN PART; EXCEPTION OF NO CAUSE OF ACTION SUSTAINED IN PART, DISMISSING CLAIMS REGARDING BACK PAY. JUDGMENT ON THE MERITS REVERSED; JUDGMENT AWARDING ENTITLEMENT TO PENALTIES AND ATTORNEY FEES RENDERED. ATTORNEY FEES AWARDED FOR WORK PERFORMED ON APPEAL.**

**Eugene P. Cicardo, Jr.**
**Post Office Box 1128**
**Alexandria, LA   71309-1128**
**(318) 445-2097**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Kendall Dixon**


**Michael J. O'Shee**
**Joshua J. Dara, Jr.**
**Steven M. Oxenhandler**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, LA   71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **City of Alexandria**

**AMY, Judge.**

The plaintiff firefighter's employment was terminated following a purportedly failed breath alcohol test. Thereafter, his employment was repeatedly reinstated and terminated as the matter proceeded through various reviews. The plaintiff filed this matter seeking back pay attributable to the periods of retroactive reinstatement as well as for work actually performed during certain discrete periods. The plaintiff also sought penalties and attorney fees pursuant to La.R.S. 23:631 and La.R.S. 23:632. In pretrial proceedings, the trial court denied various exceptions, including an exception of no cause of action. The trial court denied those exceptions and, on the merits, awarded penalties, attorney fees, and court costs. The City appeals that ruling. The plaintiff answers the appeal. For the following reasons, we reverse the trial court's denial of the City's exception of no cause of action, in part, sustain the City's exception of no cause of action, in part, and dismiss claims regarding back pay. We thereafter reverse the judgment on the merits and enter a judgment of entitlement to penalties and attorney fees pursuant to La.R.S. 23:632. We further deny the plaintiff's motion to supplement the record and motion to produce, both referred to in the merits of this appeal.

## Factual and Procedural Background

The employment matter underlying the present wage claim initially arose after the City of Alexandria terminated the employment of firefighter Kendall Dixon, effective September 18, 2014, due to the results of a breath alcohol test. The propriety of that termination is the subject of multiple administrative and court rulings, resulting in periods of reinstatement and repeated terminations. Although the rulings are not now at issue in this wage-related matter, we revisit those somewhat convoluted time periods as relevant to this matter.

Following the initial, September 2014 termination, the Alexandria Municipal Fire and Police Service Board reviewed the action, excluding the results of the breath alcohol test relied upon by the City. The Board ordered reinstatement of the plaintiff's employment retroactive to the September 18, 2014 termination.

However, on April 16, 2015, the Ninth Judicial District Court[1] reversed the Board's decision to reinstate the plaintiff and ordered the reinstatement of the City's September 18, 2014 termination of employment. That termination was again reversed, when a panel of this court granted the plaintiff's writ application and, for the second time, reinstated the decision of the Board on August 25, 2015. *See City of Alexandria v. Kendall Dixon*, 15-585 (La.App. 3 Cir. 8/25/15)

---

[1] Louisiana Revised Statutes 33:2501 provides as follows with regard to the applicable appeal procedure:

> A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.
>
> . . . .
>
> E. (1) Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.
>
> (2) The appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of the appeal, stating the grounds thereof and demanding that a certified transcript of the record, or written findings of facts, and all papers on file in the office of the board affecting or relating to such decision, be filed with the designated court. The board shall, within ten days, after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner.
>
> (3) This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds and except as provided in Subsection D of this Section.

(unpublished writ ruling), *writ granted, City of Alexandria v. Dixon*, 15-1718 (La. 11/16/15), 184 So.3d 20. However, the Supreme Court of Louisiana later reversed the writ ruling, reinstating both the trial court ruling in favor of the City and its order of remand to the Board for its consideration of the breath alcohol test previously excluded from consideration. *See City of Alexandria v. Dixon*, 15-1718 (La. 5/3/16), 196 So.3d 592.

Fire Chief Bernard Wesley explained at trial that the City, in turn, terminated the plaintiff's employment on the same date as the supreme court's opinion, May 3, 2016. Yet, following the supreme court's remand to the Board for reconsideration, the Board again reinstated the plaintiff's employment. A Personnel Status Change form included in this record indicates that the reinstatement was made retroactive to May 4, 2016. The City appealed that ruling to the Ninth Judicial District Court which, by a December 16, 2016 ruling, affirmed the plaintiff's dismissal.[2] The plaintiff's application for supervisory writs, in which he seeks review of the trial court's ruling, is currently pending before this court. *See City of Alexandria v. Kendall Dixon*, 17-327.

During this period of repeated reinstatements and subsequent dismissals, the plaintiff filed this matter as a Petition for Unpaid Compensation on July 29, 2015.[3] Therein, he alleged "that, upon his retroactive reinstatement, he did not receive the back-due supplemental pay for the period for which he was unemployed due to

---

[2] The City includes this information as an exhibit to its Motion for Stay of Appeal, filed with this court during the pendency of the present appeal. By that Motion, the City sought the stay of this matter while the merits of the employment termination proceeded through the review process. A panel of this court denied the motion. *See Kendall Dixon v. City of Alexandria*, 16-880 (La.App. 3 Cir. 2/1/17) (an unpublished opinion rendered under the instant docket number).

[3] This petition was filed following the trial court's initial ruling in which it reinstated the City's September 18, 2014 termination of employment.

3

wrongful termination."[4]  He also alleged that, following the April 16, 2015 discharge, he "did not receive his regular wages from the City for the shifts he worked on April 12th, 14th, and 16th, 2015[,]" and that he was not "paid the Firefighter's Supplemental Salary (La. R.S. 33:2001, *et seq.*) for the period of time between September 17, 2014 and January 12, 2015, and for the month of April, 2015."  He asserted that he made demand for those sums, but that the "wages have still not been paid."  He thus suggested that:  "[b]ecause the City of Alexandria has failed or refused to comply with the provisions of R.S. 23:631, it is liable . . . for ninety days wages at the daily rate of pay, or else for full wages from the time . . . demand for payment was made until the City pays or tenders the amount of unpaid wages due."  He also sought attorney fees.

In its answer, the City advanced various exceptions, including those of prematurity, no cause of action for state supplemental pay, and improper use of summary proceedings.  Those exceptions related, in part, to the City's contention that the claim for penalties and attorney fees arising under La.R.S. 23:631 and La.R.S. 23:632 was inapplicable to the plaintiff as his employment status with the City was not final and still under review.  The City also filed a reconventional demand against the plaintiff, suggesting that, because the district court retroactively terminated the plaintiff's employment by its April 15, 2015 ruling, it had "improperly overpaid . . . wages not owed to him between September 17, 2014 and April 16, 2015."  The City therefore sought the return of "all wages, benefits,

---

[4] The record reflects that the City continued to provide back pay throughout the changes in the plaintiff's work status.  By this suit, the plaintiff complained that the payments were not complete.

4

and other emoluments of employment" from that time period pursuant to La.Civ.Code art. 2299.[5]

In response to the reconventional demand, the plaintiff filed an exception of no cause of action as to the City's claim for reimbursement for previously paid back pay. Referencing La.R.S. 33:2501, the plaintiff contended that "the City has no right to reclaim compensation paid . . . pursuant to the Board's decision." *Citing Moore v. City of Abbeville*, 01-1362 (La.App. 3 Cir. 3/6/02), 809 So.2d 1244. The plaintiff suggested that such a position is contrary to La.R.S. 33:2501(C) which, he contended, indicated that payment of back pay must be implemented immediately and not subject to a "suspensive appeal" pending review. Following a hearing, the trial court denied both parties' exceptions.

The plaintiff filed a supplemental petition on July 8, 2016, subsequent to the termination of employment that followed the supreme court's May 3, 2016 judgment and after the Board again ordered the reinstatement of employment. The plaintiff asserted that, despite demand, "all compensation and benefit[s] due [him] after his September 17, 2014 termination and January 12, 2015 reinstatement [were] not paid . . . within the delays allowed La.R.S. 23:631, *et seq.*, subjecting the City to penalties and attorney's fees." He further asserted that "all compensation due . . . from his actual work from January 12, 2015 until his April 16, 2015 termination was not paid . . . within the delays allowed by La.R.S. 23:631, *et seq.*, subjecting the City to additional penalties and attorney's fees." As for the time period immediately before the supplemental petition, the plaintiff

_____

[5] Louisiana Civil Code Article 2299 provides that: "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it."

5

again suggested that "all compensation and benefits due . . . after his May [3],[6] 2016 termination and June 22, 2016 reinstatement [were] not paid . . . within the delays allowed by La.R.S. 23:631, *et seq.*, subjecting the City to additional penalties and attorney's fees." Thus, in addition to his claim for all back pay due, he alleged entitlement "to penalties and attorney's fees for each time the City did not comply with La.R.S. 23:631, *et seq.*"

In its answer, the City again advanced exceptions of prematurity, no right of action, and no cause of action. The trial court considered these exceptions immediately prior to the beginning of the resulting trial on the plaintiff's claims. Following the presentation of evidence, the trial court denied the City's exceptions. The resulting judgment both addressed the denial of the exceptions and determined "that wages were due and owing Kendall Dixon, proper demand was made and after demand wages were not paid by the City[.]"[7] In turn, the trial court ordered the City to pay penalties to the plaintiff in the amount of $32,000.00 and attorney fees in the amount of $32,000.00. Taxing this latter award as court costs, the trial court ordered the City to pay court costs in the amount of $34,249.60.[8]

The City appeals, assigning the following as error:

[1.] The Trial Court Erred in Denying the City's Exceptions of Prematurity, No Cause of Action and No Right of Action.

---

[6] The plaintiff's supplemental petition reports the supreme court's decision and the resulting termination of employment as May 2, 2016. However, reference to both the decision and the testimony of Fire Chief Wesley indicate that the date of termination was May 3, 2016.

[7] Notably, the judgment did not order the payment of any wages.

[8] The plaintiff's attorney stated at the oral argument in this matter that the $34,249.60 award of costs is inclusive of the $32,000.00 awarded in attorney fees. *See, e.g.,* La.R.S. 23:632(C) (providing that "Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee . . .").

[2.]	*Alternatively*, The Trial Court Erred in Awarding Penalty Wages.

[3.]	*Alternatively*, The Trial Court Committed Legal and Fact Errors in its Calculation of Penalty Wages.

[4.]	*Alternatively*, Attorney Fees Were Improperly Awarded; *or in the Further Alternative*, the La.R.S. 23:632 Attorney Fee Award Erroneously Included Attorney Time Spent for Pursuing Back Wages Under La.R.S. 33:2501(C)(1).

[5.]	*Alternatively*, The Trial Court Erred in Making a Costs Award of $34,249.60 With No Determination of Compensable Costs or the Amount Thereof; Without Any Evidence to Support the Costs Award; and With No Evidence to Show That Costs of $34,249.60 Had Even Been Incurred.

The plaintiff answers the appeal, seeking specification of the amount of unpaid wages he was due and additionally requesting an increase in those wages. He also seeks an increase in the amount of attorney fees awarded and an amendment to the judgment indicating that interest is due on the award of penalties and attorney fees. Finally, he seeks attorney fees for work performed on appeal.

**Discussion**

*Motions Filed on Appeal*

Before submission of this matter to the panel, the plaintiff filed two motions with this court which were referred to the panel for consideration on the merits. First, the plaintiff filed a motion to supplement the record by which he seeks to introduce the image of a September 2016 check stub. He contends that this image reflects a post-trial payment by the City, acknowledging that sums are due him.

Additionally, by a motion to produce, the plaintiff seeks an order to the City of an accounting of time spent, hours billed, and for work performed by counsel in this matter. He asserts that the billing information is relevant in the assessment of attorney fees he seeks for work performed on appeal.

However, an appellate court "may not consider evidence not in the record before the trial court and may not receive new evidence." *Pickett v. J.B. Tuck Land Clearing*, 12-1409, p. 14 (La.App. 3 Cir. 5/1/13), 157 So.3d 34, 44. Both motions must be denied on this basis as they anticipate the introduction of evidence that was not and could not have been introduced below in light of their post-trial creation. Accordingly, we deny both the motion to supplement and motion to produce.

*Exceptions*

In its first assignment of error, the City addresses its exceptions of prematurity, no cause of action, and no right of action. As it has throughout this matter, the City continues to reference the ongoing reviews associated with the plaintiff's termination of employment pursuant to La.R.S. 33:2501. In light of the various terminations and reinstatements of employment, the City contends first that the plaintiff cannot avail himself of the provisions of La.R.S. 23:631 insofar as the statute anticipates a termination. The City pointedly notes that the plaintiff was an employee (with his employment having been reinstated) at the time he filed the July 2016 supplemental petition in which he sought both back pay attributable to reinstatement and those attributable to certain shifts he actually worked, namely April 12, 14, and 16, 2015. Accordingly, the City contended through its exception both that the plaintiff's claims were premature, as he could not be considered a former employee due to the lack of finality on the civil service claim and, alternatively, that the plaintiff had neither a right of action nor a cause of action.

We first set forth the relevant statutory framework. As apparent from the factual and procedural background, the merits of the civil service employment

8

dispute are procceding pursuant to La.R.S. 33:2501. Entitled "Appeals by employees to the board[,]" La.R.S. 33:2501 provides, in part:

## § 2501. Appeals by employees to the board

A. Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause, may, within fifteen days after the action, demand, in writing, a hearing and investigation by the board to determine the reasonableness of the action. The board shall grant the employee a hearing and investigation within thirty days after receipt of the written request.

. . . .

C. (1) After the investigation provided for in Subsection B of this Section, the board may, if the evidence is conclusive, affirm the action of the appointing authority. *If the board finds that the action was not taken in good faith for cause under the provisions of this Part, the board shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, demoted, or discharged, which reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action.* The board may modify the order of removal, suspension, demotion, discharge, or other disciplinary action by directing a suspension without pay, for a given period, a reduction in pay to the rate prevailing for the next lower class, a reduction or demotion to a position of any lower class and to the rate of pay prevailing thereof, or such other lesser punitive action that may be appropriate under the circumstances.

(2) The decision of the board, together with its written finding of fact, if required, shall be certified, in writing, to the appointing authority and shall be forthwith enforced by the appointing authority.

. . . .

E. (1) Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.

(Emphasis added.) Pursuant to Paragraph C, and upon each reinstatement of employment, the City began reimbursement of the plaintiff's pay from the time of discharge.

The plaintiff alleged in the instant proceedings that either the payments were not paid or were paid untimely. In particular, the plaintiff asserted in his supplemental petition that "he did not receive the back-due supplemental pay for the period for which he was unemployed due to wrongful termination."

In addition to this form of back pay, the plaintiff asserted that, after his reinstatement and his discharge from employment on April 16, 2015, he "did not receive his regular wages from the City for the shifts he worked on April 12th, 14th, and 16th, 2015." Accordingly, the plaintiff sought two types of wages: 1) aspects of back pay owed by virtue of his reinstatement, for a period of time for which he did not work; and 2) those for work actually performed during the period of reinstatement.

Suggesting that the City failed to comply with La.R.S. 23:631, the plaintiff further sought penalties and attorney fees. In this regard, La.R.S. 23:631 requires that:

### § 631. Discharge or resignation of employees; payment after termination of employment

A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

The provision permits such an employee to file an action to enforce the above wage claim by use of summary proceedings. *See* La.R.S. 23:631(B); La.Code

Civ.P. art. 2592.  In turn, La.R.S. 23:632 provides for an employer's liability as follows:

> A. Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.
>
> B. When the court finds that an employer's dispute over the amount of wages due was in good faith, but the employer is subsequently found by the court to owe the amount in dispute, the employer shall be liable only for the amount of wages in dispute plus judicial interest incurred from the date that the suit is filed.  If the court determines that the employer's failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section.
>
> C. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.

With this framework in mind, we turn to consideration of the individual exceptions, beginning with the exception of no cause of action.

Cause of Action

Provided by La.Code Civ.P. art. 927(A)(5), the peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged.  *Scheffler v. Adams and Reese, LLP*, 06-1774 (La. 2/22/07), 950 So.2d 641.  The exception is tried on the face of the pleading, as La.Code Civ.P. art. 931 instructs that no evidence may be introduced to support or to controvert the exception.  "[F]or purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true."  *Id.* at 646.  The issue before the court in consideration of an

exception of no cause of action is whether, "on the face of the petition, the plaintiff is legally entitled to the relief sought." *Id.* Because the exception presents a question of law, appellate review of the trial court's ruling as to whether the petition states a valid cause of action is de novo. *Id.*

The City's argument to the trial court regarding each exception was intertwined with its overall argument that the plaintiff's claim for back pay, including state supplemental pay, could not be resolved until the appropriateness of the termination was resolved on the merits under the procedure of La.R.S. 33:2501. Referencing the underlying civil service litigation, the City suggested that "[u]ntil Dixon's final employment status is determined . . . Dixon has no cause of action against the City for any claim associated with Dixon's state supplemental pay, and Dixon's claim for unpaid state supplemental pay should be dismissed."

On appeal, the City similarly argues that the plaintiff does not have a cause of action for penalties and attorney fees under La.R.S. 23:632, as those back supplemental salary sums cannot be considered "final wages" under the terms of that statute. In particular, the "finality" of the employment has not yet been resolved and the supplemental salary sums were from a period of reinstated employment and were thus not earned so as to constitute "wages". *Citing Boudreaux v. Hamilton Med. Group, Inc.*, 94-0879 (La. 10/17/94), 644 So.2d 619 (wherein the supreme court determined that La.R.S. 23:631 and La.R.S. 23:632 were inapplicable to amounts due under an employment agreement at the end of the plaintiff's employment, as "only compensation that is earned during a pay period will be considered wages under the statutes.").

On review, we first find no error in the trial court's denial of the exception of no cause of action to the extent that the plaintiff's petitions sought payment of

12

back due supplemental salary sums following reinstatement of employment. Undoubtedly, the plaintiff's employment status continues to be litigated. Yet, La.R.S. 33:2501(C)(2) provides that the decision of the Board "shall be forthwith enforced by the appointing authority." In this case, the reinstatements have included back pay from the period(s) of termination.[9] Accordingly, to the extent that plaintiff would be able to prove that the City failed to enforce that decision; he stated a cause of action.

However, we find merit in the City's contention that the petitions failed to state a cause of action for penalties and attorney fees for those reimbursement sums under La.R.S. 23:631 and La.R.S. 23:632.[10] Significantly, the plaintiff's right to sums for back pay arises under La.R.S. 33:2501, a statute specifically addressing the appeal process available to a fire and police civil service employee. The statute permits the Board to order a discharged employee's immediate reinstatement, to order that the reinstatement be made retroactive, and to order that the employee is entitled "to his regular pay from the time of . . . discharge[.]" La.R.S. 33:2501(C)(1). As noted above, the appointing authority must "forthwith" enforce that decision. La.R.S. 33:2501(C)(2). However, this specific statutory framework does not authorize an award of penalty wages.

Rather, the plaintiff pursues those wages for back pay, i.e., state supplemental pay, under the provisions of La.R.S. 23:631 and La.R.S. 23:632.

---

[9] As the exception of no cause of action is reviewed on the face of the petition, and without reference to evidence, we do not address whether payments for back pay remain outstanding. The petitions simply alleged that they were unpaid. *See* La.Code Civ.P. art. 931.

[10] We note here that the plaintiff suggests to this court that the matter at trial involved only penalties and attorney fees for wages related to wages for work actually performed. However, both his petitions as well as the presentation of evidence at trial clearly seek penalties and attorney fees for both back pay and wages for work performed. Too, we consider the exception of no cause of action in relation to the petition, not to the plaintiff's argument as it may have progressed throughout the proceedings.

13

Yet, those statutes are applicable generally to discharged employees and require the employer "to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month[.]" La.R.S. 23:631(A)(1)(a). The back pay pursued by the plaintiff in this case was "not due under the terms of employment[.]" Instead, the back state supplemental pay was not earned under the terms of employment. It instead resulted from the reinstatement of employment with back pay. Simply, it was not earned, but was payable by function of La.R.S. 33:2501 and order of the Board or the courts. On this point, we find the supreme court's discussion in *Boudreaux*, 644 So.2d 619 instructive, albeit not inclusive of the civil service statute under consideration. In *Boudreaux*, the supreme court determined that La.R.S. 23:631 and La.R.S. 23:632 were not applicable to an issue of timely payment of "Compensation on Termination" as required by an employment contract. *Id.* The supreme court instead explained that La.R.S. 23:631's reference to "the amount then due under the terms of employment" "refers to wages which are *earned* during a payment period." *Id.* at 622 (emphasis added). It also stated that the statute's further reference to "'terms of employment' refers to a particular pay period" and, thus, "only compensation that is earned during a pay period will be considered wages under the statutes." *Id.*

Expressing similar reasoning, the first circuit recently rendered decisions in companion cases wherein a civil service employee pursued recovery of past loss of wages and benefits pursuant to La.R.S. 49:113 and was awarded penalty wages and attorney fees under La.R.S. 23:631 and La.R.S. 23:632 by separate judgments. *See Harris v. City of Baton Rouge*, 16-163 (La.App. 1 Cir. 12/22/16), 209 So.3d 405, *writ denied*, 17-155 (La. 3/31/17), _ So.3d _; *Harris v. City of Baton Rouge*, 16-164 (La.App. 1 Cir. 12/22/16), 2016 WL 7407376 (an opinion not designated for

14

publication), *writ denied*, 17-0159 (La. 12/22/16), _ So.3d _. In addressing the awards before it, the first circuit noted that the plaintiff's claim was one governed by La.R.S. 49:113, a statute addressing state or city civil service employees. *Harris*, 209 So.3d 405.

Louisiana Revised Statutes 49:113, entitled "Salaries and wages of employees illegally separated; off-set of wages earned in outside employment" provides:

> Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation.

Pointing out that the above statute addresses salaries and wages of employees in the state or city civil service, the first circuit observed that "La.R.S. 49:113 does not authorize the award of 'penalty wages.'" *Harris*, 209 So.3d at 408. Finding no authorization for such an award, the first circuit thereafter reversed the penalty wages awarded. *Id.* (*citing* La.Civ.Code art. 3546[11] for the proposition that "[p]unitive damages may not be awarded by a court of this state unless authorized."). In the unpublished companion case, the first circuit similarly reversed the award of attorney fees, again explaining that the suit was brought

---

[11] Louisiana Civil Code Article 3546 provides that:

Punitive damages may not be awarded by a court of this state unless authorized:

(1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or

(2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

15

pursuant to the more specific provision applicable to state and city civil service employees, which does not authorize attorney fees. *Harris*, 16-0164.

Similarly, in this case, the plaintiff's petitions alleged a failure of the City to provide back pay and benefits as required by the parameters of the reinstatements of employment.[12] Such a reinstatement, with back pay, is authorized by La.R.S. 33:2501, a provision specifically applicable to the plaintiff's position as a firefighter in his specific locality.[13] However, and like La.R.S. 49:113, La.R.S. 33:2501 does not authorize a trial court's award of penalty wages for failure to provide reimbursement of back pay for the prior period of termination. As noted by the first circuit in *Harris*, La.Civ.Code art. 3546 does not permit an award of a penalty absent authorization.

Even if La.R.S. 33:2501 can be viewed as conflicting with La.R.S. 23:631 and La.R.S. 23:632, the supreme court has explained that such a conflict dictates that "the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character." *McGlothlin v. Christus St. Patrick Hosp.*, 10-2775, p. 12 (La. 7/1/11), 65 So.3d 1218, 1228. Additionally, the supreme court has observed that La.R.S. 23:632 is a penal statute and must be strictly construed. *See Wyatt v. Avoyelles Par. Sch. Bd.*, 01-3180 (La. 12/4/02), 831 So.2d 906. Accordingly, we find that La.R.S. 23:631 and La.R.S. 23:632 do not apply to the payment or timeliness of back pay necessitated by reinstatement of employment.

---

[12] The plaintiff's petitions do not include a prayer for relief under La.R.S. 49:113, a statute applicable to state or city civil service employees "illegally discharged from their employment, as found by the appellate courts[.]"

[13] That specific provision arises within the "Fire and Police Civil Service Law for Municipalities between 13,000 and 250,000[.]"

16

Nor does La.R.S. 33:2501 provide for an award of attorney fees by the trial court. While La.R.S. 33:2501.1 permits such an award, it does so in the following limited sense:

> When an appeal is taken by an employee in the classified service pursuant to R.S. 33:2501 to a municipal fire and police civil service board and the board determines, in reversing the decision of the appointing authority, that the corrective or disciplinary action taken by the appointing authority was without just cause as provided in R.S. 33:2501, *the board may award to the appealing employee attorney fees to be assessed against the appointing authority not to exceed one thousand dollars in any one appeal*.

(Emphasis added.) The statute does not authorize such an award, even at the one thousand dollar limit, by the trial court. *See, e.g., Thibodeaux v. City of Opelousas*, 97-1574 (La.App. 3 Cir. 7/22/98), 717 So.2d 254 (wherein a panel of this court rejected a plaintiff's claim for attorney fees under La.R.S. 33:2501.1, explaining that "[t]he statute does not provide for the award of attorney's fees for a trial court's reversal of a decision of the civil service board. The statute only applies when the civil service board reverses the decision of the appointing authority."), *writ denied*, 98-2768 (La. 12/18/98), 731 So.2d 277.

For this reason, we find that the trial court erred in failing to sustain the City's exception of no cause of action to the extent that the plaintiff's petitions sought penalty wages and attorney fees for the alleged failure to reimburse back pay for the period of time during which the plaintiff's employment was terminated. Accordingly, we below sustain the exception in part and dismiss the plaintiff's claims in that regard.

However, we find that the petitions do, rather, advance a cause of action for payment of wages due for work actually performed, i.e., "for the shifts he worked on April 12[th], 14th, and 16th, 2015." The plaintiff's petition plainly alleged that he

17

was again discharged on April 16, 2015, and further alleged that he did not thereafter receive regular wages from those shifts that he actually worked. While the record establishes that the City immediately paid those wages upon receipt of the petition, the claim remained at the time of the petition as did the claim for penalty wages and attorney fees thereon. Similarly, by his supplemental petition, the plaintiff alleged that certain wages for work prior to the May 3, 2016 termination of employment remained unpaid. As the plaintiff allegedly earned those wages, rather than gaining entitlement to them as back pay upon reinstatement of his employment, they are distinguishable from back pay due under La.R.S. 33:2501.

Instead, the plaintiff's claims for those wages squarely arise under La.R.S. 23:631 and La.R.S. 23:632 as they were "due under the terms of employment" and were allegedly not paid within fifteen days following the date of discharge. Thus, the plaintiff's petition advanced a cause of action both for the wages and the penalties and attorney fees thereon. Accordingly, we find no error in the denial of the exception of no cause of action to the extent the petition alleged entitlement to wages for work actually performed, as well as related penalties and attorney fees under La.R.S. 23:631 and La.R.S. 23:632.

Having identified the remaining cause of action contained within the petition, we turn to consideration of the City's claims regarding the exception of prematurity and the exception of no right of action.

Exception of Prematurity

The exception of prematurity is provided by La.Code Civ.P. art. 926(A)(1). The exception "questions whether the cause of action has matured to the point where it is ripe for judicial determination." *Moreno v. Entergy Corp.*, 10-2281, p.

18

3 (La. 2/18/11), 62 So.3d 704, 706 (quoting *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-0451 (La. 12/1/04), 888 So.2d 782). As stated above, the City both suggested and continues to argue that consideration of the plaintiff's petition was premature given the litigation as to his work status. However, we have observed that the plaintiff has no cause of action for penalties and attorney fees for back pay available due to the operation of La.R.S. 33:2501. Thus, the finality of the termination of employment pursuant to that statute is no longer relevant in this matter. In this sense, we find no merit in the City's contention that consideration is premature pursuant to La.R.S. 33:2501.

Neither do we find error in the trial court's denial of the exception of prematurity as to the remaining cause of action, i.e., entitlement to wages for work actually performed and a demand for penalties and attorney fees pursuant to La.R.S. 23:631 and La.R.S. 23:632. This cause of action relates to work actually performed. In particular, the plaintiff references wages for work performed on April 12th, 14th, and 16th, 2015 as well as for a less specific time frame preceding his May 3, 2016 termination of employment.[14] He asserts that those wages were not paid as statutorily required.

Although the City points out that the finality of the termination of employment is an open question, it is one that is not relevant to wages for work actually performed. Rather, within the context of La.R.S. 23:631(A), it is unquestioned that the plaintiff was "discharged" and, pursuant to that statute, the employer was obligated "to pay the amount then due under the terms of

---

[14] While the plaintiff's initial petition specifically identified the three allegedly unpaid shifts worked in April 2015, the supplemental petition more generally alleged only as follows with regard to work actually performed before the May 3, 2016 termination: "Petitioner shows that all compensation due [him] from his actual work from August 25, 2015 until his May 2 [sic], 2016 termination was not paid to him by the City of Alexandria within the delays allowed by La.R.S. 23:631, *et seq.*, subjecting the City to additional penalties and attorney's fees."

employment . . ." The plaintiff was obviously due sums attributable to work performed. *See Boudreaux*, 644 So.2d 619 (wherein the supreme court explained that La.R.S. 23:631 and La.R.S. 23:632 "are designed to compel prompt payment of *wages* upon an employee's discharge or resignation."). Accordingly, we do not disturb the denial of the exception of prematurity.

Exception of No Right of Action

By similar reasoning, we further reject the City's argument that the plaintiff had no right of action to bring the claim asserted in his supplemental petition. In this regard, the City contends that he could not maintain a claim for final wages since the supplemental petition was filed after his employment status was reinstated. Thus, per the City's argument, the plaintiff "had no right of action under La.R.S. 23:631, which applies '[u]pon the discharge of any laborer or employee,' or '[u]pon the resignation of any laborer or other employee.'" However, and despite the unsettled question as to the permanency of the termination of employment, it is unquestioned that the plaintiff was discharged from employment and that wages were due for work actually performed. Any remaining question regarding subsequent reinstatement of employment does not resolve the wage litigation for those discrete periods of time.

This argument lacks merit.

*Merits*

Above, we have determined that the trial court committed a reversible error of law in failing to grant the exception of no cause of action in part. That foundational error obviously altered the course of the proceedings, influenced the introduction of evidence, and shaped the parties' arguments and prayers for relief. Thus, it is apparent that the legal error interdicted the fact finding underlying the

20

final judgment. In particular, we note that the judgment makes no discernment between wages for work performed and back pay upon reinstatement, or how penalties and attorney fees were apportioned between those, if at all. Accordingly, we reverse that judgment on the merits. Typically, "[w]hen reviewing courts find that a reversible error of law was made in the lower court, appellate courts are required to re-determine the facts *de novo* from the entire record and render a judgment on the merits." *Boudreaux v. Cummings*, 14-1499, p. 3 (La. 5/5/15), 167 So.3d 559, 561. We thus turn to consideration of the record in light of the remaining cause of action for past due wages for work actually performed and related penalties and attorney fees.

On this point, the plaintiff's petition of July 29, 2015 alleged that he was "again discharged from employment" on April 16, 2015, following the trial court's reversal of the Board's January 12, 2015 decision. Yet, he contended that, although "Friday May 1, 2015 was the regularly scheduled 'payday' for the pay cycle which included his last day of work for the City[,]" he did not thereafter "receive his regular wages from the City for the shifts he worked on April 12th, 14th, and 16th, 2015." Similarly, but by a less specific allegation, the plaintiff contended in his supplemental petition that he was not paid "all compensation due" from "his actual work from August 25, 2015 until his May [3], 2016 termination" within the delays allowed by La.R.S. 23:631.

As established by the testimony of both the plaintiff and Dana Daigre, the City's accounting manager, it was unquestioned that the plaintiff did not receive payment for those three shifts until after the July 29, 2015 filing of the original petition. As set forth above, the petition pointedly alleged that the plaintiff "did not receive his regular wages from the City for the shifts he worked on April 12th,

21

14th, and 16th, 2015." Ms. Daigre indicated that, upon being informed of the need to pay the wages for the three shifts of April 12th, 14th, and 16th, she issued payment on August 6, 2015. Thus, those wages were paid outside the confines of La.R.S. 23:631, which provides for payment of "the amount then due under the terms of employment . . . on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." While those wages were paid by the time of trial, the plaintiff's claim for penalties and attorney fees pursuant to La.R.S. 23:632 remained as to the April 2015 wages.

We do not find, however, that the plaintiff established the same late payment for the wages for actual work performed during the second reinstatement of August 25, 2015 through the subsequent May 3, 2016 termination. Rather, the evidence regarding the plaintiff's paycheck following that termination is muddled with seemingly ongoing attempts at that point to recover items associated with back pay from periods of reinstatement. We therefore turn to consideration of the penalty and attorney claim only with regard to the April 2015 wages.

As set forth above, La.R.S. 23:632(A) provides that, absent a good faith dispute as to the amount of wages due, an employer failing to comply with La.R.S. 23:631 is liable for the lesser of "ninety days wages at the employee's daily rate of pay, *or* else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee[.]" Thus, in order to recover penalty wages, an employee must show that 1) wages were due and owing; 2) he or she made demand for payment at the place where the employee was customarily paid; and that 3) the employer did not pay following demand. *Becht v. Morgan Bldg. & Spas, Inc.*, 02-2047 (La. 4/23/03), 843 So.2d 1109, *cert. denied*, 540 U.S. 878, 124 S.Ct. 289 (2003).

22

As it did below, the City suggests that it immediately paid the three days of wages upon the filing of the petition by which it became aware of those uncompensated shifts. Ms. Daigre explained that these wages were not included in the paycheck tendered immediately after the plaintiff's April 16, 2015 termination of employment as the final payroll check was written from a time sheet turned in prior to the termination. The City here suggests that the immediacy of its payment upon the three shifts being brought to its attention by the petition demonstrates its good faith. This point is relevant to the inquiry of La.R.S. 23:632(B), which provides that "[i]f the court determines that the employer's failure or refusal to pay the amount of wages owed was not in good faith, then the employer shall be subject to the penalty provided for in Subsection A of this Section."

Unquestionably, the City paid the outstanding wages upon the plaintiff's filing of the petition and did not dispute the plaintiff's entitlement thereto. Furthermore, "La.R.S. 23:632 is a penal statute that must be strictly construed and may yield to equitable results." *Wyatt*, 831 So.2d at 916. However, the City's explanation as to why it was unaware of those outstanding wages—for an employee who performed actual work beyond the prior time sheet—reflects merely poor internal communication or deficiency in its payroll process. In this regard, an employer's mere negligence does not constitute a good faith defense. *Steak v. Hat World, Inc.*, 15-1108 (La.App. 4 Cir. 5/4/16), 191 So.3d 712; *Schuyten v. Superior Sys., Inc.*, 05-2358 (La.App. 1 Cir. 12/28/06), 952 So.2d 98. Accordingly, we conclude that the plaintiff established entitlement to penalties for those wages untimely paid for work performed on April 12th, 14th, and 16th.

However, we limit the award of penalties to the August 6, 2015 payment for those April 2015 wages. The plaintiff argues that, even that payment was

inadequate due to the City's failure to include state supplemental pay and additional sums that were subsequently tendered. On this point, however, it is apparent that the City was responding to the plaintiff's developing employment status and information received from the State regarding its need to pay state supplemental pay. That circumstance does not appear to have resulted from the same type of omission that led to the City's failure to recognize that shifts were worked at all on April 12th, 14th, and 16th.

Additionally, and as no equitable defense is available for attorney fees as envisioned by La.R.S. 23:632(C), we find that the City is liable for attorney fees for the recovery of the full amount of the April 2015 wages. Subsection (C) provides for "[r]easonable attorney fees[,]" "in the event a well-founded suit for any unpaid wages whatsoever be filed by the . . . employee after three days shall have elapsed from time of making the first demand following discharge or resignation." At the earliest arguable point of notice for the April wages, the plaintiff's counsel issued a July 7, 2015 demand letter following the April 16, 2015 termination "requesting all wages due to Kendall Dixon since his termination from employment with the Alexandria Fire Department." However, payment did not begin until August 6, 2015, well in excess of the three day period contained within La.R.S. 23:632(C). Accordingly, we find that attorney fees, for the suit filed for recovery of those three days of wages, are appropriate as well.

Having found that the plaintiff demonstrated entitlement to penalties and attorney fees pursuant to La.R.S. 23:632 is warranted, we remand to the trial court for calculation and imposition thereof. The parties present this court with a full record which would seemingly allow a calculation of both penalties and attorney fees. However, on review we find that both the evidence and argument below so

24

conflated the issues surrounding back pay and wages due for work actually performed that it is necessary to remand this matter for calculation of both penalties and attorney fees, as limited to the discrete cause of action found meritorious here, i.e., wages due for April 12th, 14th, and 16th, 2015. As stated within the context of the exception of no cause of action, attorney fees are not permissible for pursuit of back pay.

Finally, and with regard to the necessity of the reversal of the trial court's award of penalties and attorney fees, the plaintiff suggests both in his brief to this court and in post-hearing briefing that those awards related solely to the City's failure to pay sums due for work actually performed. However, that assertion is contrary to the petitions' prayers for relief and does not acknowledge that much of the proceeding was dedicated to the payment of back pay which would otherwise not have been relevant to the wages for work actually performed. Certainly such a ruling is not obvious from the record. Particularly, neither the reasons for ruling nor the judgment reflect that the trial court parsed the expanse of evidence to such an extent. Furthermore, the quantum of attorney fees awarded could arguably include fees not strictly related to recovery of the wages for work actually performed. Accordingly, we find that a reversal and remand, with instructions, is warranted.

*Remaining Assignments of Error*

Our resolution of the above issues pretermits consideration of the parties' remaining assignments of error. However, we specifically decline the plaintiff's request in his answer to the appeal in which he asks that the judgment of the trial court "should be modified to include the compensation due to him at the time of trial." Notably, the trial court judgment did not indicate that outstanding

25

compensation was due him at the time of trial. The judgment instead reflects only that "wages were due and owing Kendall Dixon, proper demand was made and after demand wages were not paid by the City[.]" Such a statement would appear to relate strictly to the subsequent award of penalties and attorney fees. While the plaintiff suggests that wages remained due at the time of trial—he advances the amount of $783.00—such a representation is not so clearly demonstrated in the record. In this regard, the plaintiff references Ms. Daigre's testimony wherein she confirmed that, at the time of trial, he had not been paid "his August supplemental pay." However, she explained that, in the event the State "determine[d] that they're not going to pay a piece of it[,]" the City would do so. Given this uncertainty as to what appears to be a portion of back pay, we decline to enter an order of payment of wages as requested by the plaintiff.

However, in his answer, the plaintiff seeks additional attorney fees for work performed on appeal. As he has successfully defended his entitlement to penalties and attorney fees for wages related to work performed in April 2015, we below award him $3,500.00 for work performed as to this aspect of the appeal.

## DECREE

The trial court's denial of the exception of no cause of action is reversed, in part, and judgment is entered sustaining the exception, in part, dismissing the claims of the plaintiff for penalties and attorney fees associated with back pay. In other respects, the trial court's denial of the exceptions is affirmed. Judgment on the merits is reversed and, upon de novo review, judgment is entered finding the defendant, the City of Alexandria, liable to the plaintiff, Kendall Dixon, for penalties and attorney fees pursuant to La.R.S. 23:632 due to untimely payment of wages actually earned for work performed on April 12th, 14th, and 16th, 2015. As to

26

the defense of the penalties and attorney fees on that segment of the plaintiff's claim, we award $3,500.00 in attorney fees to the plaintiff for work performed on appeal. This matter is remanded for calculation of penalties and attorney fees for failure to timely pay wages for those periods per La.R.S. 23:631 and La.R.S. 23:632. The Motion to Supplement Record on Appeal and Motion to Produce filed by the plaintiff, Kendall Dixon, are denied. Costs of this proceeding are assessed equally to the plaintiff and to the City of Alexandria, in the amount of $943.75 each.

**MOTION TO SUPPLEMENT THE RECORD DENIED. MOTION TO PRODUCE DENIED. DENIAL OF EXCEPTION OF NO CAUSE OF ACTION REVERSED IN PART; EXCEPTION OF NO CAUSE OF ACTION SUSTAINED IN PART, DISMISSING CLAIMS REGARDING BACK PAY. JUDGMENT ON THE MERITS REVERSED; JUDGMENT AWARDING ENTITLEMENT TO PENALTIES AND ATTORNEY FEES RENDERED. ATTORNEY FEES AWARDED FOR WORK PERFORMED ON APPEAL.**